31350, 31351. CITY OF MARIETTA v. COBB COUNTY SCHOOL DISTRICT et al. (two cases).

Undercofler, Presiding Justice.

These companion cases represent two appeals by the City of Marietta from orders issued in Cobb Superior Court declaring null and void two city ordinances which attempted to annex land to that city's corporate limits.

The land was located in Cobb County. The first ordinance, passed on February 12, 1975, identified two tracts to be annexed — a strip of land 10 feet by 1,930.6 feet running from the Marietta city limits along the right-of-way of a county road to the second tract of approximately 300 feet by 500 feet. A second ordinance was passed on December 29, 1975, annexing the second tract; however, this ordinance did not contain a description of the strip connecting the city limits and the tract. Following the passage of the ordinance in December, the appellees commenced these actions challenging the ordinances.

Appellant complains of error by the trial court in ruling the annexations void because the land was not "contiguous" to the corporate boundary on at least one-eighth of the area's aggregate external boundary within the meaning of Code Ann. § 69-908, as amended (Ga. L. 1966, pp. 409, 412). He further complains the trial court should have dismissed the complaint because appellees had no standing to bring these actions and were

barred by the statute of limitation and laches.

1. Appellees have standing and are not barred by the statute of limitation here. "Under the express provisions of the Act of 1966 . . . Boards of Education . . . do not come within the category of persons barred from attacking the ordinances after 30 days." *Plantation Pipe Line Co. v. City of Bremen,* 227 Ga. 1, 9 (178 SE2d 868) (1970); Code Ann. § 69-912 (Ga. L. 1966, pp. 409, 413). Further, there is no merit in appellant's contention that appellees should be barred by laches under the circumstances of this case. *Eller v. McMillan,* 174 Ga. 729, 733 (163 SE 910) (1932).

2. The sole question for review is whether the trial court was correct in voiding the annexations of the subject land because that land did not coincide with the municipal boundary on at least one-eighth of the area's aggregate external boundary as required by Code Ann. § 69-908, as amended, supra.

The annexation was accomplished in both instances under the provisions of Code Ann. § 69-904 (Ga. L. 1966, pp. 409, 410). This section grants authority to incorporated municipalities to annex unincorporated areas contiguous to existing corporate limits at the time of such annexation, upon the application of 60% of the electors resident in the area and 60% of the owners of such land, by acreage. "Contiguous area" is defined under Code Ann. § 69-908 for the purposes of annexation under Code Ann. § 69-904. This section defines contiguous area as "any area which, at the time annexation procedures are initiated, coincides with the municipal boundary on at least one-eighth of the area's aggregate external boundary." The further provision of Code Ann. § 69-908 providing: "Any area separated from the municipal boundary by a street or street right-of-way . . . lands owned by a county, or lands owned by the State of Georgia shall be a 'contiguous area' within the meaning of this law . . . when such area coincides with either the municipal boundary or such land or both on at least one-eighth of such area's aggregate external boundary . . ." has no application here. The land attempted to be annexed was not separated by county or state land or by a street within the meaning of this provision.

From the record and transcript of hearings, it is

apparent the City of Marietta attempted to implement the "spoke" method of annexation approved by this court in *City of Gainesville v. Hall County Bd. of Ed.,* 233 Ga. 77 (209 SE2d 637) (1974). In that case, a divided court ruled a municipality, utilizing the 100% method of annexation (Code Ann. § 69-902) may annex a street, then, annex tracts abutting upon that street. As noted by the court in that case, ". . . such areas of land meet the requirement of being contiguous to the existing corporate limits when they adjoin and abut directly on a street or highway which has been made a part of the corporate limits." *Hall County,* supra, p. 80.

Although the factual issues in *Hall County* and this case are essentially identical, the requirements of the 100% method and the 60% method are different. In the 100% method, the land being annexed need only *abut* the municipal boundaries. In the 60% method, the land being annexed must *coincide with the municipal boundaries on one-eighth of its aggregate external boundary.* Here, the land does not so coincide and the annexations do not comply with the statutory requirements. Accordingly the trial court was correct in declaring the annexations null and void.

3. We note the General Assembly has now amended Code Ann. §§ 69-903 and 69-908 defining "contiguous area." Ga. L. 1976, pp. 1011-1013.

*Judgment affirmed. All the Justices concur, except Ingram, J., disqualified.*

ARGUED JULY 14, 1976 — DECIDED SEPTEMBER, 8, 1976.

*Downey, Cleveland & Moore, John H. Moore,* for appellant.

*Awtrey, Parker, Risse, Mangerie & Brantley, A. Sidney Parker, Dana L. Jackel, Richard H. Still,* for appellees.