46495. CITY COUNCIL OF AUGUSTA v. RICHMOND COUNTY
et al.
(377 SE2d 851)

SMITH, Justice.

The appellant, the City Council of Augusta, received and accepted an application for annexation of certain property located in Richmond County. After an investigation and a public hearing, the City determined annexation to be in the best interest of all involved and adopted an ordinance on December 15, 1986, annexing the property into the city limits of Augusta. The appellees, Richmond County Board of Commissioners, sought declaratory and injunctive relief. The trial court found that the City failed to comply with the requirements of OCGA § 36-36-20 et seq., and on September 23, 1988, declared the ordinance null, void and of no force or effect. OCGA § 36-36-29 (b). The trial court found that its ruling obviated the necessity for passing on the injunction. We affirm.

1. The appellant contends that the trial court erred in finding that fewer than 60 percent of the "electors resident in the area included in the application" had signed the application.

a. The City was required to "determine the percentage of electors signing[,]" OCGA § 36-36-22 (c), by obtaining a list of electors residing in the area sought to be annexed from the board of registrars of the county. Id. The City was required to obtain "the written and signed application of not less than 60 percent of the electors resident in the area included in any such application. . . ." OCGA § 36-36-22 (a).

The registrar's list contained 313 names. During the city's door-to-door solicitation they discovered that 34 electors had moved and that 2 were no longer living. The city had two options when it found that 36 people were no longer "resident in the area," OCGA § 36-36-22 (a). It could have challenged the names of the 36 people it determined to be non-residents, OCGA § 21-2-237, and had the names removed from the list, or it could have sought others who were "resident in the area." The city decided that it could just subtract the 36 names that it determined to be "[non]resident in the area" from the total to arrive at the requisite 60 percent. The statute does not allow such.

b. The trial court noted that OCGA § 36-36-26 (c) provides: "Any property owner may withdraw his consent at any time through the date of the public hearing." However, it is silent as to whether or not an elector has the same right. The trial court refused to construe the

statute as prohibiting electors from removing their names. We agree.

An owner may be either a resident or a non-resident owner. An elector, on the other hand, by definition resides in the affected area and what happens in that area may have a far greater impact on the elector than on a non-resident owner. The impact upon a non-resident owner is limited to actions which affect the property such as zoning and taxes. The impact upon the elector is not only limited to these matters related to property, but also impacts on those very personal matters regarding where children are allowed to go to school, who represents the elector in various segments of the government, and who will be allowed to provide certain vital services such as fire, police, emergency, water, and sewerage.

The city engaged in door-to-door solicitation to obtain the requisite votes. There is a good likelihood that some electors signed the petition hurriedly without really understanding the full implication of their signature and upon careful reflection decided that they did not favor the annexation. The statute does not prohibit electors from changing their minds and we will not read such a prohibition into the statute. The trial court did not err in finding that the city failed to obtain the minimum signatures allowed after it determined that 40 electors had removed their names from the petition prior to the final action by the city.

2. The statute requires the city to attach "a complete survey by a competent surveyor," OCGA § 36-36-28 (a), to the ordinance annexing the property. The trial court did not err in finding that the city had failed to attach a complete survey to the ordinance.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 6, 1989.

*Nixon, Yow, Waller & Capers, Paul H. Dunbar III*, for appellant.
*Burnside, Wall & Daniel, Robert C. Daniel, Jr., Thomas R. Burnside, Jr.*, for appellees.