## A95A1114. JOHNSON v. PRIME BANK et al.
### (464 SE2d 24)

ANDREWS, Judge.

Janice Johnson sued her former employers, Prime Bank, Federal Savings Bank, and Prime Bancshares, Inc., ("the bank") and Darrell Pittard and Jo Hill for wrongful procurement of discharge, slander, libel and defamation, false imprisonment and arrest, invasion of privacy, and intentional infliction of emotional distress. The trial court granted defendants' motion for summary judgment and Johnson appeals. We affirm.

Viewed in the light most favorable to Johnson, the evidence was as follows. Janice Johnson began working for the bank in 1973 as a clerk. When she was terminated on July 29, 1991, she held the title of Executive Vice-President. At some time prior to her termination, Johnson began dating Don McNeely, who was in the process of getting a divorce. Deborah McNeely, Don McNeely's estranged wife, disappeared under suspicious circumstances, and the police suspected that Don McNeely had murdered her. Captain Rhoades of the Rockdale County Sheriff's Department, who was investigating Deborah McNeely's disappearance, approached Darrell Pittard, President and CEO of the bank, about questioning Johnson. They used the bank's offices to question Johnson about a stolen tractor found on her property and her knowledge of Deborah McNeely's disappearance. After the questioning, officers arrested Johnson for theft by receiving stolen property. The magistrate dismissed the charge at the prelimi-

nary hearing the next day.

Officers also subpoenaed the bank records of Don McNeely. It was discovered that Johnson had several times deposited McNeely's paycheck into his account for him and also had withdrawn cash from his account at various times. Although Johnson contended that she had a power of attorney authorizing her to make these transactions, it could not be found in the bank's files. The bank suspended Johnson because of the discovery of this "unsafe and unsound practice" pending an investigation by the Office of Thrift Supervision. The bank subsequently fired Johnson.

1. Johnson claims that the trial court erred in granting the bank's motion for summary judgment on each count of her complaint.

(a) As to her claim for wrongful procurement of discharge, Johnson argues that Pittard conspired with Jo Hill, a Senior Vice-President, to use false charges to induce the Board of Directors to fire her. But, the motives for discharge are legally immaterial when the employment agreement is one that is terminable at will and the employee is discharged by one with authority to do so. *Miles v. Bibb Company*, 177 Ga. App. 364, 365 (339 SE2d 316) (1985). A claim for wrongful procurement of discharge fails if the person who terminates the employee is authorized to do so. *Miles,* supra at 365.

Defendants submitted Pittard's affidavit stating that he had full authority as President and CEO to discharge Johnson. The affidavit further states that the Board of Directors agreed with his suspension and termination of Johnson. Johnson has come forward with no evidence to show that Pittard did not have the authority to discharge her. Accordingly, we find the trial court did not err in granting defendants' motion for summary judgment on Johnson's claim for wrongful procurement of discharge.

(b) Second, Johnson claims that the trial court erred in granting defendants' motion for summary judgment on her claim of false imprisonment and arrest. This enumeration of error is without merit. Defendants submitted the affidavits of Captain Rhoades and Officer Green which are uncontroverted and state unequivocally that neither the bank nor its employees were connected in any way with Johnson's questioning and subsequent arrest. Rhoades informed Pittard they were coming to the bank to question Johnson and requested a private room in which to do so. The officers then made an independent determination to arrest Johnson. The extent of the bank's involvement in the questioning and arrest was their decision to cooperate with the law enforcement officers and make the room available as requested. According to Johnson herself, defendants' only statement to her was "these people want to talk with you." Accordingly, the trial court did not err in granting the bank's motion for summary judgment on Johnson's claim for false imprisonment and arrest.

(c) Johnson also argues that the trial court erred in granting the bank's motion for summary judgment on her claim for slander, libel and defamation. These claims appear to be time-barred by the one-year statute of limitation. However, even pretermitting this issue, Johnson points to no evidence in the record, and we are unable to discover any, that refutes the bank's affirmative evidence that all the statements and documents upon which Johnson bases her claim, were truthful. Accordingly, this enumeration of error is without merit.

(d) The trial court properly granted summary judgment to the bank on Johnson's claim for invasion of privacy. This claim also appears to be time-barred. Further, the grounds for the claim are information supplied to the police pursuant to a subpoena and cooperation in a murder investigation. Johnson cites to no authority, and we find none, for her claim that the information given by the bank constitutes an invasion of privacy.

(e) Johnson argues that the trial court erred in granting summary judgment to the bank on her claim for intentional infliction of emotional distress. Johnson cites to no case law or facts in support of her claim. In reviewing the record, we find no evidence that the bank's conduct was so egregious or outrageous as to support a claim for intentional infliction of emotional distress. *Phillips v. Pacific &c. Co.*, 215 Ga. App. 513, 517 (451 SE2d 100) (1994). The trial court did not err in granting summary judgment on this claim.

2. Next, Johnson claims that the trial court erred in denying her motion to disqualify defendants' counsel. Johnson claims that counsel may have a conflict of interest in representing both the corporation and the defendants who have been sued in their individual capacity.

We note that Johnson has no standing to bring this motion since she has no attorney-client relationship with defendants' counsel. *Reese v. Ga. Power Co.*, 191 Ga. App. 125, 127 (381 SE2d 110) (1989). Further, Johnson has presented no evidence which would justify curtailing a client's right to counsel of choice. Accordingly, we find there was no abuse of discretion in the trial court's order denying Johnson's motion to disqualify defendants' counsel. *Blumenfeld v. Borenstein*, 247 Ga. 406, 410 (276 SE2d 607) (1981).

3. We have reviewed Johnson's remaining enumerations of error and find them to be without merit. These enumerations concern decisions left to the sound discretion of the trial court which we will not disturb absent an abuse of that discretion. See *NeSmith v. Ellerbee*, 203 Ga. App. 65 (416 SE2d 364) (1992) (trial court has discretion whether or not to consider affidavits not served at least one day prior to summary judgment hearing); *Bicknell v. CBT Factors Corp.*, 171 Ga. App. 897, 899 (321 SE2d 383) (1984) (trial court has authority to control manner in which depositions are taken); *Payne v. State*, 207 Ga. App. 312, 314 (428 SE2d 103) (1993) (whether or not to grant

motion for continuance based upon insufficient time to prepare for trial left to sound discretion of trial court).

*Judgment affirmed. McMurray, P. J., concurs. Blackburn, J., concurs in the judgment only.*

DECIDED NOVEMBER 7, 1995 —

*Victoria D. Little*, for appellant.

*Long, Weinberg, Ansley & Wheeler, William P. Langdale III, Lance D. Lourie, Sharon B. Austin*, for appellees.