### S99A0733. YOUNG v. BEASLEY.
(523 SE2d 849)

FLETCHER, Presiding Justice.

Mary Young appeals the grant of partial summary judgment to Nettie Beasley in Beasley's suit for ejectment against Young. Because the record on appeal shows that genuine issues of material fact are in dispute, we reverse.

Beasley is the executrix of the will of Marvin Grubbs and Young is living in a house owned by Grubbs' estate. Construing the evidence in the light most favorable to Young, as we must, the record shows that in 1989 Grubbs and Don Taliaferro agreed that Taliaferro would give Grubbs a house if Grubbs moved the house to his property and allowed Young to live in it for the remainder of her life rent free. Young had worked for Taliaferro and his family and had helped raise his children. Once Grubbs moved the house to his property, Young's sons and Taliaferro refurbished the house with materials paid for by Young. While living in the house, Young paid no rent, but did pay for siding that Grubbs placed on the house. Young also helped Grubbs and his wife by cooking and running errands for them until their deaths.

Following Mr. Grubbs' death, Beasley sued Young for ejectment. Young counterclaimed as a third-party beneficiary for specific performance of the contract between Taliaferro and Grubbs, or in the alternative for damages for breach of that contract. Beasley moved for summary judgment on the issue of whether Young had a life estate, arguing that at most Young held a revocable license in the property. The trial court granted summary judgment for Beasley on the issue of a life estate, but also held that Young's counterclaims created a jury issue.

1. The only evidence in the appellate record regarding the agreement between Taliaferro and Grubbs is Taliaferro's affidavit in which he described the terms of his agreement with Grubbs as permitting Young to live on the property for the remainder of her life. This testimony is sufficient to create a genuine issue of material fact regarding the nature of the parties' agreement.[1]

---

[1] Compare *Marshall v. Cozart,* 94 Ga. App. 614, 618-619 (95 SE2d 729) (1956) (life estate granted by provisions that husband was to be permitted to reside in house as long as he lived) and *Brinkley v. Day*, 362 SE2d 587 (NC App. 1987) (life estate granted by provision

2. Beasley contends that if Young had any interest in the land, it would be by virtue of a license, which is revocable at will. This Court has held that a gratuitous license may be revoked at will,[2] while a license for which consideration has been paid may not be revoked at will.[3] Whether the rights or interest in land at issue fits the traditional mold of a license is questionable; however, that issue can best be addressed in the context of a fully developed record.[4] Because the record reflects issues of fact regarding the consideration given for the agreement, a jury question remains as to whether the agreement created a license or another revocable or irrevocable interest.

*Judgment reversed. All the Justices concur, except Hines, J., not participating.*

DECIDED NOVEMBER 15, 1999.

*Don H. Taliaferro,* for appellant.
*Cramer & Peavy, Timothy C. Cramer,* for appellee.

---

that wife is to live in apartment for her lifetime rent free) with *Day v. Trimble*, 233 Ga. 242 (210 SE2d 764) (1974) (no life estate granted where agreement did not specify a term for life, but only a term for "as long as [the plaintiff] wanted").

[2] *Fluker v. Ga. R. & Banking Co.*, 81 Ga. 461 (2) (8 SE 529) (1889).

[3] *Harrell v. Williams & Sons*, 159 Ga. 230, 235 (125 SE 452) (1924).

[4] See generally, Richard R. Powell & Patrick J. Rohan, 4 *Powell on Real Property* § 34.24 - § 34.27 (1999); Alfred F. Conard, *An Analysis of Licenses in Land*, 42 COLUM. L. REV. 809 (1942); Charles E. Clark, *Licenses in Real Property Law*, 21 COLUM. L. REV. 757 (1921).