S00A2041. TREADWELL et al. v. INVESTMENT FRANCHISES, INC.
(543 SE2d 729)

THOMPSON, Justice.

Plaintiffs Jack Treadwell and Forsyth Inns, Inc. ("Treadwell") appeal from the denial of their request for a temporary and interlocutory injunction. We affirm.

Treadwell owns and operates a Ramada Limited motel on his property; Investment Franchises, Inc., owns and operates a Shoney's Restaurant on an adjacent parcel. The dispute arose when Investment Franchises, Inc., placed obstructions around the parking area behind its restaurant to prevent Treadwell's motel guests and

employees from using the area. Investment Franchises granted the rights to use the parking area to Treadwell's predecessor-in-title via a license agreement dated October 29, 1975. The term of that agreement was for "ten years or for so long as a motel with Ramada Inn franchise is located and operated upon the land." In July 1999, Investment Franchises notified Treadwell by letter that it had revoked any license or permission to the parking rights on the basis that the license agreement had expired on October 29, 1985, ten years from its execution. Contemporaneously, Investment Franchises barricaded and blocked off access to the parking area. Treadwell replied that it is entitled to continued use of the parking area under the license agreement because a Ramada Inn franchise is still operated on the property; and it demanded removal of the barricade. When Investment Franchises refused to comply, Treadwell sued to remove the obstruction, claiming interference with its rights under the license agreement.

The evidence adduced at the hearing on the application for interlocutory injunction established that two agreements had been executed in October 1975 between Investment Franchises and Treadwell's predecessor-in-title (hereafter Treadwell), each benefitting the opposite party. The first is the license agreement granting Treadwell use of the parking area. The second conveyed to Investment Franchises the right to use a drive across Treadwell's property to access its restaurant from Highway 82. The term of that agreement was for "ten years or for so long as a fast food service establishment is operated upon premises [owned by Investment Franchises], *whichever event shall first occur.*" (Emphasis supplied.) Inasmuch as more than ten years has elapsed since execution of that agreement, it is apparent that it has expired.

Investment Franchises argued that the two agreements were given in consideration for each other, and because the latter had expired, there was no longer consideration for the former. Compare *Harrell v. B. W. Williams & Sons*, 159 Ga. 230 (1) (125 SE 452) (1924) (where the license is in writing and compensation is paid, the licensee stands upon the footing of a purchaser for value, and the right is not revocable at the will of the grantor) and *Fluker v. Ga. R. &c.*, 81 Ga. 461 (2) (8 SE 529) (1889) (a gratuitous license is revocable at any time). See also *Young v. Beasley*, 271 Ga. 684 (2) (523 SE2d 849) (1999). In addition, Investment Franchises argued that the parties to the license agreement had intended that it contain the same phrase — "whichever event shall first occur" — but that the language was mistakenly omitted. It sought to reform the agreement based on mutual mistake. Evidence also established that Treadwell has continuously operated a Ramada franchise on his property since he pur-

chased it in 1984. The trial court denied the request for injunctive relief.

> Equity intervenes by grant of an interlocutory injunction to prevent irreparable damage to one of the parties and to maintain the status quo until a final determination is made. [Cits.] In short, there must be some vital necessity for the injunction so that one of the parties will not be damaged and left without adequate remedy. [Cit.]

*Kennedy v. W. M. Sheppard Lumber Co.*, 261 Ga. 145, 146 (1) (401 SE2d 515) (1991). The burden is on the complainant to demonstrate that it is entitled to the relief sought. Id.

The trial court found that Treadwell has adequate area on the Ramada property to park vehicles belonging to guests and employees. This finding is supported by the evidence. Thus, the trial court was correct in its determination that Treadwell has not met its burden of showing that it is irreparably harmed by the loss of the parking area. Even if it should prevail at a trial on the merits, the parking area can at that time be restored.

"Where the evidence is conflicting 'it can not be said that the trial court abused its discretion in either granting or denying the injunction.'" *Bailey v. Buck*, 266 Ga. 405, 406 (1) (467 SE2d 554) (1996). Compare *American Buildings Co. v. Pascoe Building Systems*, 260 Ga. 346 (392 SE2d 860) (1990); *West v. Koufman*, 259 Ga. 505 (384 SE2d 664) (1989) (where there is no conflict in the evidence, the judge's discretion in ruling on an interlocutory injunction becomes circumscribed by the applicable rules of law). The issue remaining for adjudication is whether the license agreement continues in full force and effect, or whether it had expired by its terms or may be revoked by the licensor. Since the evidence in this regard is conflicting, we cannot say that the trial court abused its discretion in refusing to grant an interlocutory injunction.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 2, 2001.

*Simpson & Cross, Ralph F. Simpson*, for appellants.
*Sowell & Sandifer, Gregory C. Sowell*, for appellee.