S05A0483. BERNOCCHI et al. v. FORCUCCI.
(614 SE2d 775)

BENHAM, Justice.

In this appeal, we are called upon to review the propriety of the trial court's issuance of injunctive relief and the trial court's disqualification of counsel from simultaneously representing the corporate appellants and the individual appellant. We reverse the entry of injunctive relief, vacate the order granting the motion to disqualify counsel, and remand the case to the trial court for further proceedings.

Appellant Riccardo Bernocchi is an Italian clothing designer. He and appellee Anthony Forcucci and the late Irene Volpi formed appellant Berik Design USA, Inc. ("BDUI"), with Forcucci as president, in 1995. Six years later, Bernocchi and Forcucci formed a limited liability corporation, appellant The Berik Group, LLC ("TBGL"). In 2004, after Volpi died, a third party purchased her interest in BDUI and Forcucci was removed as a director and voted out of BDUI's management. Bernocchi was elected the sole officer and director of BDUI and approved an offering of shares of BDUI stock. In June 2004, Forcucci, still the owner of one-third of the BDUI stock, filed a petition for a temporary restraining order to stop the stock offering. The parties entered into a consent TRO which restrained Bernocchi and BDUI from issuing more stock and from disposing of the trademarks or assets of TBGL. The parties extended the life of the consent TRO twice, with an attorney from the firm of Higgins and Dubner signing one of the consent orders as the attorney for Bernocchi, BDUI, and TBGL. Contending Bernocchi's interests were adverse to those of BDUI and TBGL, Forcucci filed a motion to disqualify Higgins and Dubner from simultaneously representing the three defendants. At a hearing on September 10, 2004, the expiration date for the last consent TRO, the trial court found the corporate defendants and Bernocchi to have conflicting interests and granted the motion to disqualify counsel. The trial court issued a certificate of immediate review of its ruling and, in response to Forcucci's inquiry about the status of the TRO, issued an order continuing the restraints set forth

in the consent TROs until further order of the court. Bernocchi filed a direct appeal to this Court on the basis that the trial court's latter order was, in fact, an interlocutory injunction. See OCGA § 5-6-34 (a) (4).

1. "An interlocutory injunction is a device to keep the parties in order to prevent one from hurting the other whilst their respective rights are under adjudication. There must be some vital necessity for the injunction so that one of the parties will not be damaged and left without adequate remedy." *Chambers v. Peach County*, 268 Ga. 672 (1) (492 SE2d 191) (1997). Trial courts enjoy broad discretion in deciding whether an interlocutory injunction should be imposed, though the power to do so "shall be prudently and cautiously exercised. . . ." OCGA § 9-5-8. In determining whether to issue an interlocutory injunction, the trial court must balance the conveniences of the parties pending final adjudication. *Univ. Health Svcs. v. Long*, 274 Ga. 829 (561 SE2d 77) (2002). An interlocutory injunction may be issued to maintain the status quo if, after balancing the relative equities of the parties, it appears the equities favor the party seeking the injunction. *Lee v. Environmental Pest Control*, 271 Ga. 371 (2) (516 SE2d 76) (1999). The trial court's exercise of its discretion will not be disturbed by an appellate court "unless a manifest abuse of that discretion is shown [or] unless there was no evidence on which to base the ruling." *Kennedy v. W. M. Sheppard Lumber Co.*, 261 Ga. 145, 146 (1) (401 SE2d 515) (1991).

In the case at bar, the order granting the interlocutory injunction does not reflect that the trial court balanced the relative equities of the parties. The hearing transcript reflects the trial court recognized the need for an evidentiary hearing, but scheduling conflicts prevented the hearing from taking place on the day the consent TRO expired. As a result, the trial court entered the interlocutory injunction in the absence of an evidentiary hearing at which the party seeking the relief would have to demonstrate entitlement thereto (see *Treadwell v. Investment Franchises*, 273 Ga. 517, 519 (543 SE2d 729) (2001) (burden is on the party seeking injunctive relief to demonstrate entitlement to the relief)), and the parties against whom relief was sought could present evidence showing the inequity in imposing interlocutory injunctive relief. Since the grant of injunctive relief occurred without a balancing of the equities and without evidentiary support, the entry of injunctive relief must be reversed for lack of evidentiary support. *Kennedy v. W. M. Sheppard Lumber Co.*, supra, 261 Ga. 145, 146 (1).

2. Appellants next take issue with the trial court's order granting Forcucci's motion to disqualify Higgins & Dubner from simultaneous representation of appellant Bernocchi and the two corporate defendants. The trial court's written order contained no findings, but

the hearing transcript reflects the trial court believed the corporations to have "a divergence of interests" from both Forcucci and Bernocchi, and granted the motion to disqualify because "there is a conflict on behalf of Mr. Bernocchi with whether or not the corporations' ownerships interest in . . . designs and royalties would be protected."

"[T]he right to counsel is an important interest which requires that any curtailment of the client's right to counsel of choice be approached with great caution." *Blumenfeld v. Borenstein*, 247 Ga. 406, 408 (276 SE2d 607) (1981). "[D]isqualification has an immediate adverse effect on the client by separating him from counsel of his choice, and . . . inevitably cause[s] delay." *Reese v. Ga. Power Co.*, 191 Ga. App. 125 (2) (381 SE2d 110) (1989). "[A] client whose attorney is disqualified may suffer the loss of time and money in finding new counsel and 'may lose the benefit of its longtime counsel's specialized knowledge of its operations.'" *Bergeron v. Mackler*, 225 Conn. 391, 398 (623 A2d 489) (Conn. 1993). Because of the right involved and the hardships brought about, disqualification of chosen counsel should be seen as an extraordinary remedy and should be granted sparingly. *Anderson Trucking Svc. v. Gibson*, 884 S2d 1046, 1049 (Fla. App. 2004). See also *Meehan v. Antonio*, 2002 WL 31559712 (Conn. Super. 2002) (unpub. op.).

The simultaneous representation of parties whose interests in litigation may conflict, such as co-plaintiffs or co-defendants, is governed by Rule 1.7 (b) of the Georgia Rules of Professional Conduct. Comment 7 to Rule 1.7 (b). Rule 1.7 permits a lawyer to represent a client

> notwithstanding a significant risk of material and adverse effect if each affected or former client consents, preferably in writing, to the representation after: (1) consultation with the lawyer, (2) having received in writing reasonable and adequate information about the material risks of the representation, and (3) having been given the opportunity to consult with independent counsel.

Client consent is not permissible if, among other things, the representation "involves circumstances rendering it reasonably unlikely that the lawyer will be able to provide adequate representation to one or more of the affected clients." Rule 1.7 (c) (3).

Citing *Reese v. Ga. Power Co.*, supra, 191 Ga. App. 125, appellants contend Forcucci lacks standing to raise any conflict of interest issue with regard to appellants' counsel since Forcucci does not have an attorney-client relationship with appellants' counsel. In *Reese*, at 127, the Court of Appeals held that the plaintiff lacked standing to assert opposing counsel had a conflict of interest in representing

simultaneously a corporate defendant and an employee of that corporation in a personal injury action because that objection " 'is available only to those as to whom the attorney in question sustains, or has sustained, the relation of attorney and client.' " See also *Piedmont Hosp. v. Reddick*, 267 Ga. App. 68 (7) (c) (599 SE2d 20) (2004); *Johnson v. Prime Bank*, 219 Ga. App. 29 (464 SE2d 24) (1995). On June 12, 2000, however, this Court issued an order which adopted the aforementioned Georgia Rules of Professional Conduct in place of the Canon of Ethics, effective January 1, 2001. The Rules prescribe terms for resolving conflict "among a lawyer's responsibilities to clients, to the legal system and to the lawyer's own interest in remaining an upright person[,]" and are "rules of reason . . . designed to provide guidance to lawyers." Ga. Rules of Professional Conduct, Preamble, Pars. 8, 13, 18. Each Rule is accompanied by a Comment which "explains and illustrates the meaning and purpose of the Rule" and is intended to serve as a guide to interpretation. Id., Par. 21. Because the representation at issue took place after the effective date of the Georgia Rules of Professional Conduct, and because "it would be injudicious for this court to employ a rule of disqualification that could not be reconciled with the . . . Rules of Professional Conduct," the Rules are relevant to the case at bar. *Ayres v. Canales*, 790 SW2d 554, 557 (Tex. 1990).

Comment 15 to Rule 1.7 places the primary responsibility for resolving questions of conflict of interest on the lawyer undertaking the representation. A court may raise the question when, in litigation, there is reason to infer the lawyer has neglected the responsibility, and opposing counsel may raise the question "[w]here the conflict is such as clearly to call into question the fair or efficient administration of justice. . . ." Id. The Comment goes on to advise that an objection from opposing counsel "should be viewed with caution . . . for it can be misused as a technique of harassment." In order for counsel to have standing to raise the issue of an opposing lawyer having a conflict of interest in simultaneously representing multiple plaintiffs or defendants, there must be a violation of the rules which is sufficiently severe to call in question the fair and efficient administration of justice (*In re Robinson*, 90 SW3d 921, 925 (Tex. App. 2002)), and opposing counsel must provide substantiation. *Meehan v. Antonio*, supra. See also *Anderson Trucking Svc. v. Gibson*, supra, 884 S2d 1046.

The trial court did not apply this standard to determine whether opposing counsel had standing to inquire whether Higgins & Dubner had a conflict of interest in representing Bernocchi and the two corporate defendants simultaneously. Accordingly, we vacate the order disqualifying counsel from simultaneous representation of the

three defendants and remand the case to the trial court for consideration of the motion pursuant to the standard set forth in Rule 1.7 (b) and the accompanying Comments.

*Judgment reversed and case remanded with direction. All the Justices concur.*

DECIDED JUNE 16, 2005.

*Higgins & Dubner, Michael W. Higgins*, for appellants.
*Perrell & Wright, Charlotte K. Perrell*, for appellee.