A07A1580. NGUYEN et al. v. TRAN et al.
(652 SE2d 881)

PHIPPS, Judge.

This case pits two membership factions against one another for control of a Vietnamese Buddhist Temple incorporated as a nonprofit Georgia corporation under the name Minh Dao Vietnamese Buddhist Association of Georgia, Inc. (Minh Dao). Both factions claim to be authorized officers, directors, or agents of Minh Dao. Nam Van Nguyen and others (the Nguyen faction) instituted this suit against Phuong Xuan Tran and others (the Tran faction). The Tran faction then filed a motion for an interlocutory injunction to restrain the Nguyen faction from attempting to act on behalf of Minh Dao or from holding themselves out as officers, directors, or agents of Minh Dao. The Nguyen faction appeals an order of the superior court granting the motion. Finding no abuse of discretion in the court's award of interlocutory injunctive relief, we affirm.

> Trial courts enjoy broad discretion in deciding whether an interlocutory injunction should be imposed, though the power to do so shall be prudently and cautiously exercised. In determining whether to issue an interlocutory injunction, the trial court must balance the conveniences of the parties pending final adjudication. An interlocutory injunction may be issued to maintain the status quo if, after balancing the relative equities of the parties, it appears the equities favor the party seeking the injunction. The trial court's exercise of its discretion will not be disturbed by an appellate court unless a manifest abuse of that discretion is shown or unless there was no evidence on which to base the ruling.[1]

It is undisputed that Nguyen and others who are not parties to this suit founded Minh Dao in 1993 and were the initial members of its Board of Directors. At that time, Nguyen served as the temple's monk and resided in the temple. But in 2003 Nguyen left the state after he admitted to the congregation that he had engaged in certain improprieties.

---

[1] *Bernocchi v. Forcucci,* 279 Ga. 460, 461 (1) (614 SE2d 775) (2005) (citations and punctuation omitted).

The Tran faction submitted evidence showing that upon leaving the state, Nguyen resigned his position as monk. The temple's membership then learned that the temple had been organized as a Georgia nonprofit corporation, although no bylaws had been enacted. According to the Tran faction, by that time all of the initial board members had either departed the state, died, or resigned their positions. And although an annual corporate registration filed with the Georgia Secretary of State in April 2004 identified other individuals as corporate officers, they do not appear to have been temple congregants at that time either.

According to the Tran faction, the temple's membership decided in May 2004 to conduct an election for a new board of directors. The temple membership met on May 25 and selected June 25 for an annual meeting and board election. The Tran faction was elected to the board by unanimous vote. Immediately following the election, the Tran faction, as board members, elected themselves as the corporate officers.

Other evidence submitted by the Tran faction showed that after Nguyen's resignation in 2003, the membership also learned that although they had donated funds to purchase the Temple and an adjacent house, Nguyen had titled these properties in his name. Nguyen later returned to Georgia and claimed ownership of the Temple's two properties.

Litigation was instituted in 2004 by Tran on behalf of Minh Dao against Nguyen requesting, among other things, that Nguyen be restrained and enjoined from holding himself out as an officer or director of Minh Dao or from interfering with its operation. The 2004 action, voluntarily dismissed and then renewed in 2005 by Tran and the remaining board members, resulted in entry of a default judgment in November 2005 awarding the two subject properties to Minh Dao in trust for its members and permanently restraining Nguyen from holding himself out as owner of the properties or as an agent or representative of Minh Dao or from interfering with the ownership of the properties. Before instituting the current litigation, Nguyen filed a motion to set aside the default judgment and open the default, which the court denied.

Nguyen is therefore bound by the 2005 judgment. The remaining members of the Nguyen faction were not, however, parties to the earlier litigation and, therefore, are not bound by the judgment. They claim standing as successors to the officers identified in the 2004 corporate registration. Although they have not submitted any documentation in support of that claim, the Tran faction did not challenge their standing below.

1. The Nguyen faction argues that the June 2004 Board election was unauthorized because Minh Dao, as a Buddhist temple, was an

organization without members under the exclusive control of the board. This argument is without merit.

It is true that under the Georgia Nonprofit Corporation Code (GNCC),[2] a Georgia nonprofit corporation, though required to have a board of directors, is not required to have members.[3] If a nonprofit corporation does not have members, directors are elected by the board except as otherwise provided in the articles or bylaws.[4] But if the corporation has members, directors are elected by members at annual meetings, unless the articles or bylaws provide some other electoral time or method.[5] Except as specifically provided in a nonprofit corporation's articles or bylaws, members "shall have no voting rights, *other than to elect directors.*"[6]

Minh Dao's articles of incorporation clearly state that "[t]he corporation will have members." According to the Tran faction, the temple is a wholly independent congregational body controlled by its membership and not subject to control or oversight by any hierarchical authority; and the membership simply consists of those who regularly attend the temple and participate in its events. Consistent with the GNCC, the trial court was thus authorized to find that Minh Dao is a nonprofit corporation with members.[7]

2. The Nguyen faction next argues that the June 2004 meeting at which the Tran faction was elected to the board of directors was not properly called.

The Tran faction, however, offered evidence of a list of names, addresses, and telephone numbers of over 50 individuals who constituted the temple membership in June 2004. Through sworn affidavit testimony, the Tran faction made a showing that each of these members was contacted by telephone and provided at least ten days notice of the date, time, location, and purpose of the June 2004 meeting. Also in the record is a list of 34 Temple members who, according to the Tran faction, appeared at the meeting and elected them as directors.

A nonprofit corporation with members shall hold annual meetings, and may hold regular meetings, at times stated or fixed in

---

[2] OCGA § 14-3-101 et seq.

[3] OCGA § 14-3-603 (corporation not required to have members); OCGA § 14-3-801 (a) (corporation must have board of directors).

[4] OCGA § 14-3-804 (b).

[5] OCGA § 14-3-804 (a).

[6] OCGA § 14-3-610 (emphasis supplied).

[7] See OCGA § 14-3-601 (a) (articles or bylaws "may" establish criteria or procedures for admission of members); OCGA § 14-3-602 ("[e]xcept as provided in its articles or bylaws," a corporation may admit members for no consideration); OCGA § 14-3-610 (giving members right to vote in election of directors).

accordance with the bylaws,[8] although failure to hold such meetings does not affect the validity of any corporate action.[9] Nonetheless, a nonprofit corporation with members must hold a special meeting of members if called by its board of directors or other authorized persons or holders of corporate voting power under various circumstances.[10] And the superior court may summarily order a meeting to be held on application of a member if certain criteria are met.[11]

A corporation shall give its members notice of meetings "consistent with its bylaws . . . in a fair and reasonable manner."[12] Generally, notice is fair and reasonable if the members are given notice of the place, date, and time of the meeting no fewer than ten days nor more than sixty days before the meeting date and the notice includes a description of the matter or matters to be considered.[13] Unless otherwise provided by the GNCC or by a nonprofit corporation's articles or bylaws, ten percent of the votes entitled to be cast on a matter must be represented at a meeting of members to constitute a quorum on that matter.[14] And, "[u]nless otherwise provided in the articles, directors are elected by a majority of the votes cast by the members entitled to vote in the election at a meeting at which a quorum is present."[15]

The Tran faction presented evidence authorizing the trial court to find that when the Temple membership first learned of the Temple's corporate existence after Nguyen's departure in 2003, there was no board of directors to call a meeting and no corporate officer upon whom to make a demand that a meeting be held. The court was further authorized to find that (albeit without application having been made to the superior court), all members of Minh Dao were given the requisite notice of the June 2004 meeting and that more than 50 percent of the members appeared at the meeting and voted unanimously to elect the Tran faction to the board. Under these circumstances, the court did not abuse its discretion in determining, for purposes of granting interlocutory injunctive relief, that the Tran faction rather than the Nguyen faction is properly in control of the corporation.

3. Finally, the Nguyen faction challenges the interlocutory injunction as overly broad on the ground that it purports to bar Nguyen

---

[8] OCGA § 14-3-701 (a) (annual meetings), (b) (regular meetings).
[9] OCGA § 14-3-701 (f).
[10] OCGA § 14-3-702 (a) (1), (2).
[11] OCGA § 14-3-703.
[12] OCGA § 14-3-705 (a).
[13] OCGA § 14-3-705 (c).
[14] OCGA § 14-3-722 (a).
[15] OCGA § 14-3-725 (a).

from ever again assuming any leadership role in the Temple. We, however, find no such language in the order appealed. Moreover, it is axiomatic that, notwithstanding its verbiage, an interlocutory order does not adjudicate issues of fact with finality or grant final relief.[16]

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED OCTOBER 19, 2007.

*Tran H. Lankford, Christopher J. McFadden,* for appellants.
*Taylor, Busch, Slipakoff & Duma, John J. Richard,* for appellees.

