S08A0759. CHEROKEE COUNTY v. CITY OF HOLLY SPRINGS.
(667 SE2d 78)

THOMPSON, Justice.

This appeal arises from the denial of a motion for interlocutory injunction seeking to prevent the City of Holly Springs from annexing certain property in an area of Cherokee County known as Hickory Flats. Appellant Cherokee County brought a petition for declaratory judgment and injunctive relief against the City of Holly Springs alleging the city failed to follow the procedures prescribed by OCGA § 36-36-21 and its own city ordinance during the annexation

of certain properties into the corporate limits of the city. As to each of the properties in question, the county alleges that the city's efforts to annex the properties failed to comply with various procedural requirements and are therefore void.

After a hearing, the trial court concluded the county did not have standing to seek an interlocutory injunction and that even assuming the county did have standing to seek an interlocutory injunction, the law and the facts of the case are so adverse to the county's position and a final order in its favor so unlikely, that denial of the injunction was proper because of the inconvenience and harm to the city if the injunction were granted. See *R.D. Brown Contractors v. Bd. of Ed. of Columbia County*, 280 Ga. 210, 211-212 (626 SE2d 471) (2006). For the reasons that follow, we affirm in part and reverse in part.

1. To have standing to seek an interlocutory injunction, a party must have a legally protected interest that will be affected by the action sought to be enjoined. *Ga. Power Corp. v. Allied Chem. Corp.*, 233 Ga. 558, 560-561 (1) (212 SE2d 628) (1975). The trial court in this case determined the county did not have standing to seek an interlocutory injunction because it failed to show it possessed "a legally protected interest or to allege evidence that shows that the county will suffer harm due to the city's acceptance of deficient annexation applications and not due to the annexation itself." The court essentially held that only the city and owners of property whose land is to be annexed have standing to challenge an annexation based on procedural deficiencies in the application process. It is with this holding that we must disagree.

We held in *County of DeKalb v. City of Atlanta*, 132 Ga. 727 (65 SE 1073) (1909), that DeKalb County had standing to bring an action to enjoin the City of Atlanta from holding an election, the result of which would place all the territory included within the corporate limits of the City of Atlanta in either Fulton or DeKalb Counties. Addressing the issue of whether the county was a proper party plaintiff in a suit filed to resist altering county lines, we stated:

> If the county has a right which it becomes essential to enforce by process of law, or a wrong is being done which will be detrimental to the county and its interests, why should it not be allowed to enforce the right or seek a remedy against the wrong? The County of DeKalb now has jurisdiction over the territory involved in this controversy. From the property therein taxes are collected, and it furnishes county revenue. It exercises dominion over the roads and the working of them and may collect road tax, if the alternative road law is or should be put in force. If there are persons residing in that territory exercising any business

which requires a county license, this payment furnishes a further source of revenue. Jurors are drawn from citizens there. It forms now an integral part of DeKalb [C]ounty, subject to its management, control, and any revenue or benefit derivable therefrom. It can not be that a county must submit to have such portion of its territory unlawfully taken from it and transferred to another county, without being able to contest the legality of the proceeding.

Id. at 741.

This Court thus recognized a county's interest in contesting the legality of a proceeding which seeks to annex property within its jurisdiction. See also *City of Fort Oglethorpe v. Boger*, 267 Ga. 485 (480 SE2d 186) (1997) (validity of annexation may be challenged by attacking procedure previously used to annex contiguous property); *City Council of Augusta v. Richmond County*, 259 Ga. 161 (377 SE2d 851) (1989) (action brought by county challenging annexation based on city's failure to obtain requisite consent of property owners and failure to attach survey to ordinance annexing property). See also *City of Marietta v. Cobb County School Dist.*, 237 Ga. 518 (1) (228 SE2d 894) (1976) (school board had standing to challenge ordinance annexing property); *Plantation Pipe Line Co. v. City of Bremen*, 227 Ga. 1, 9 (178 SE2d 868) (1970); *City of Jefferson v. Town of Pendergrass*, 176 Ga. App. 769 (337 SE2d 343) (1985) (action brought by neighboring town to declare annexation ordinances void on ground that owner of property did not sign application for annexation). Contrary to the holding of the trial court, a county's interest in the determination of its boundaries and the duties and obligations that naturally flow therefrom is present whether the basis for challenging a municipal annexation lies in procedural deficiencies or the more substantive lack of contiguity. Accordingly, we reverse the trial court's conclusion that the county did not have standing to seek interlocutory injunctive relief.

2. The county also asserts the trial court erred by denying its request for an interlocutory injunction.

In determining whether to issue an interlocutory injunction, the trial court must balance the conveniences of the parties pending final adjudication. *Univ. Health Systems v. Long*, 274 Ga. 829 (561 SE2d 77) (2002). An interlocutory injunction may be issued to maintain the status quo if, after balancing the relative equities of the parties, it appears the equities favor the party seeking the injunction. [Cit.]

*Bernocchi v. Forcucci*, 279 Ga. 460, 461 (614 SE2d 775) (2005).

"Although the merits of the case are not controlling, they nevertheless are proper criteria for the trial court to consider in balancing the equities." *R.D. Brown Contractors*, supra, 280 Ga. at 212. The court's power to grant an injunction should be "prudently and cautiously exercised and, except in clear and urgent cases, should not be resorted to." OCGA § 9-5-8. The grant or denial of an interlocutory injunction will not be interfered with by this Court in the absence of a manifest abuse of discretion. *State Farm Mut. Auto. Ins. Co. v. Mabry*, 274 Ga. 498, 509 (5) (556 SE2d 114) (2001).

The transcript from the interlocutory injunction hearing shows that the county alleged procedural deficiencies in both the Hickory Flats annexation application and previous annexations on which the city relies, in whole or in part, to establish contiguity for the Hickory Flats annexation and that the county would be harmed by possible future efforts to change the zoning of the Hickory Flats properties. In support of its claim, the county placed in the record the annexation applications, quitclaim deeds and other deed instruments purporting to show the invalidity of the city's annexations. The city argued in response that any deficiencies in the applications have been ratified by the property owners, see *Powers v. City of Cordele*, 143 Ga. App. 363 (1) (238 SE2d 721) (1977), and assured the court that neither the city nor the property owners had any present intention of rezoning the properties as evidenced by the absence of any notice of intent to rezone in the annexation applications. Thus, the parties presented conflicting evidence regarding both the threat of harm to the county and the validity of the challenged annexation applications. Balancing the equities of the parties in this case and considering the conflicting evidence, it cannot be said that the trial court abused its discretion in denying the injunction. See *Treadwell v. Investment Franchises*, 273 Ga. 517, 519 (543 SE2d 729) (2001).

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED SEPTEMBER 22, 2008.

*Jarrard & Davis, Angela E. Davis, Paul J. Dzikowski, Joseph C. Peake III*, for appellant.

*Dyer & Rusbridge, Robert M. Dyer, Samuel J. Rusbridge*, for appellee.

*James F. Grubiak, Michele L. NeSmith*, amici curiae.