In the Supreme Court of Georgia

Decided:   October 6, 2014

S14A0728. JANSEN-NICHOLS v. COLONIAL PIPELINE COMPANY.

BLACKWELL, Justice.

Colonial Pipeline Company maintains an underground liquid petroleum pipeline that passes through DeKalb County near the home of Paige L. Jansen-Nichols. In May and June 2013, a leak detection alarm system caused Colonial to become concerned that its pipeline might have been compromised, and Colonial twice used helicopters to inspect the pipeline. Alleging that these helicopters flew too low over her home, Jansen-Nichols sued Colonial for trespass, nuisance, negligence, and negligence per se, seeking money damages and permanent injunctive relief. She also sought an interlocutory injunction to prohibit Colonial from flying helicopters low over her house for so long as her lawsuit was pending. Following two evidentiary hearings, the trial court denied

the motion for an interlocutory injunction, and Jansen-Nichols appeals.[1] We affirm.

Jansen-Nichols contends that the denial of an interlocutory injunction was error because it sanctioned low overflights of her home, thereby giving Colonial a license to trespass upon her property, to maintain a nuisance, and to breach the duty of care that it allegedly owes her in connection with aerial pipeline inspections. That, however, is just not true. A tort is a tort, and if a wrongful act is a tort, it is no less a tort simply because no court enjoined it. If low helicopter overflights amount to a trespass, a nuisance, negligence, or negligence per se, the denial of an interlocutory injunction forbidding such overflights has no bearing upon the extent to which they are wrongful or whether one injured as a result might recover damages. The denial of an injunction means only that such overflights are not punishable as contempt. The denial of an interlocutory injunction in this case is no license for Colonial to do anything unlawful.

Whether an interlocutory injunction is warranted is a matter committed to the discretion of the trial court. Holton v. Physician Oncology Svcs., 292 Ga.

---

[1] The denial of interlocutory injunctive relief is appealable. See OCGA § 5-6-34 (a) (4).

864, 866 (2) (742 SE2d 702) (2013). In exercising this discretion, a trial court generally must consider whether:

> (1) there is a substantial threat that the moving party will suffer irreparable injury if the injunction is not granted; (2) the threatened injury to the moving party outweighs the threatened harm that the injunction may do to the party being enjoined; (3) there is a substantial likelihood that the moving party will prevail on the merits of her claims at trial; and (4) granting the interlocutory injunction will not disserve the public interest.

SRB Inv. Svcs. v. Branch Banking and Trust Co., 289 Ga. 1, 5 (3) (709 SE2d 267) (2011) (citation omitted). Although one seeking interlocutory injunctive relief need not always "prove all four of these factors," id. at 5 n.7 (3), a trial court must keep in mind that "an interlocutory injunction is an extraordinary remedy, and the power to grant it must be prudently and cautiously exercised." Id. at 5 (3) (citation and punctuation omitted).

In this case, the trial court properly considered each of the four factors, concluding that Jansen-Nichols failed to prove *any* of them. We see no error in these conclusions. Though the evidence may be disputed, there was some evidence that Colonial does not routinely fly helicopters low over the pipeline or homes near it, that Colonial did not, in fact, fly in May and June 2013 as low over her home as Jansen-Nichols alleges, and in any event, that a helicopter

3

overflight sometimes may be the most expedient way in which Colonial can check for a compromise of its pipeline, an occurrence that potentially could pose a danger to the public. In the light of this evidence, the trial court did not abuse its considerable discretion when it denied an interlocutory injunction in this case, and for that reason, we affirm the judgment below.[2] See Cherokee County v. City of Holly Springs, 284 Ga. 298, 301 (2) (667 SE2d 78) (2008); Treadwell v. Investment Franchises, 273 Ga. 517, 519 (543 SE2d 729) (2001) ("Where the evidence is conflicting[,] it cannot be said that the trial court abused its discretion in either granting or denying the injunction." (Citations and punctuation omitted.)).

Judgment affirmed. All the Justices concur.

---

[2] Jansen-Nichols argues as well that the denial of an interlocutory injunction was error because it was based on a misapprehension of the distinction between public and private nuisances and a misapplication of federal preemption doctrine. In its order denying an interlocutory injunction, however, the trial court said *nothing at all* about the distinction between public and private nuisance, and it likewise said *nothing at all* about preemption. These claims of error are without merit, and they require no further discussion.