19366.   ELLIS *et al. v.* PARKS.

ARGUED MAY 16, 1956—DECIDED JULY 10, 1956—
REHEARING DENIED JULY 24, 1956.

*Robert L. Mitchell,* for plaintiff in error.

*Smith, Kilpatrick, Cody, Rogers & McClatchey, Hoke Smith, George B. Haley, Jr.,* contra.

DUCKWORTH, Chief Justice. Art. 1, sec. 1, par. 2 of the Constitution (Code, Ann., § 2-102), which declares that "protection to person and property is the paramount duty of government, and shall be impartial and complete," means something, and it places upon the Judiciary the duty to afford that protection. When members of a labor union while on strike picket their employer, their object is to aid the strike by thus pressuring their employer to yield to their demands. The law affords the laborers the protected right to thus employ lawful means to enforce their rights to give effect to all lawful strikes. But the employer is entitled to the protection of the law against picketing to aid an unlawful strike. The employer is entitled to the equal and impartial protection of the law just as much as the employee.

The record shows that the Printing Pressman's Union called a strike against the petitioner to obtain recognition as the bargaining representative of the petitioner's employees, and a judge of the United States District Court rendered judgment that the strike was illegal, since another union was the recognized legal bargaining representative, and these defendants are in conspiracy to aid the strike thus adjudged to be illegal. The record is silent as to whether or not the judgment of the Federal court is being appealed. This court said in *Woodard* v. *Collier,* 210 *Ga.* 239,

242 (78 S. E. 2d 526), that "It seems now to be rather well settled that the right to peacefully picket can not be interfered with by the courts *unless* the picketing is for an unlawful purpose. *If it is for an unlawful purpose, it can and should be enjoined.*" (Italics ours.) The judicial theory that peaceful picketing is a form of free speech, as announced in Carlson *v.* California, 310 U. S. 106 (60 Sup. Ct. 746, 84 L. Ed. 1104), which is protected by the Constitutions, both Federal and State (Code, Ann., §§ 1-801, 2-115), can not be stretched to shield malevolent picketing for the purpose of injuring the employer and aiding an unlawful strike. Both the Supreme Court of Georgia and the Supreme Court of the United States have held that a person can not employ lawful acts for spite and solely for the purpose of injuring another, and that such malicious purpose renders the acts unlawful. *Hornsby* v. *Smith*, 191 *Ga.* 491 (13 S. E. 2d 20, 133 A.L.R. 684) ; American Bank &c. Co. *v.* Federal Reserve Bank, 256 U. S. 350 (41 Sup. Ct. 499, 65 L. ed. 983, 25 A. L. R. 971). These defendants can not in good faith deny that the sole purpose of their picketing is to hurt petitioner, by publicity, by the annoyance of their presence, and by preventing other needed employees from working for the employer, all of which is intended to give effect to an unlawful strike which has been so adjudged by the court.

This State has the power to enforce its Constitution and laws in such a case, and the offenders can find no refuge behind the Taft-Hartley Act. That law was not intended to protect unlawful conduct. We find nothing in that law that would allow the National Labor Relations Board to give protection to this petitioner. For the foregoing reasons the court did not err in denying the defendants' oral motion to dismiss and for a directed verdict or in granting the injunction.

*Judgment affirmed. All the Justices concur, except Mobley, J., who dissents.*

MOBLEY, Justice, dissenting. The decision of this court is predicated upon a ruling made by a judge of a United States District Court that the strike was illegal, and that so far as the record in this court indicated there was no appeal from such ruling. The judge of the district court, on motion by the plaintiff for a summary judgment, held that the strike was illegal, but he

retained jurisdiction of the case for the purpose of determining damages. This was not a final decision from which an appeal would lie. 28 U. S. C. A. Rule 56 (c), (d); Tye *v.* Hertz Drivurself Stations, 173 Fed. 2d 317 (2); Biggins *v.* Oltmer Iron Works, 154 Fed. 2d 214 (3); Audi Vision *v.* RCA Mfg. Co., 136 Fed. 2d 621; Leonard *v.* Socony-Vacuum Oil Co., 130 Fed. 2d 535 (3). In my opinion, since the ruling of the Federal court judge was not a final judgment, it would not be a proper basis upon which to predicate this action, as there has beeen no final adjudication that the strike was illegal.