20617. FLEMING *et al.* v. H. W. IVEY CONSTRUCTION CO., INC.

ARGUED SEPTEMBER 15, 1959—DECIDED OCTOBER 9, 1959—
REHEARING DENIED NOVEMBER 4, 1959.

*Poole, Pearce & Hall, John S. Patton,* for plaintiffs in error.

*Stephens, Fortson, Bentley & Griffin, Wilson, Branch & Barwick, Robert T. Thompson,* contra.

DUCKWORTH, Chief Justice. ■ As stated heretofore by this court in *Ellis* v. *Parks,* 212 *Ga.* 540 (93 S. E. 2d 708), the State has the power to enforce its Constitution and laws, and the mere fact that the Federal Government has enacted legislation (National Labor Relations Act, Title 29, Sec. 141 et seq., U. S. C. A.), to diminish the cause of labor disputes threatening or obstructing interstate and foreign commerce, in no wise excludes the exercise of the police power of the States. Hence the State courts have jurisdiction of this case, particularly where it is not shown that commerce is involved or any labor dispute between the petitioner and any of its employees. It follows that the court did not err in denying the defendants' plea in abatement alleging that the general Government has pre-empted the subject matter to the exclusion of the State courts.

■ It is well settled that the right to picket peacefully can not be interfered with unless the picketing is for an unlawful purpose. *Woodard* v. *Collier,* 210 *Ga.* 239 (78 S. E. 2d 526). But where lawful acts are used for spite and solely for the purpose of injuring others, such malicious purpose renders the acts unlawful. *Hornsby* v. *Smith,* 191 *Ga.* 491 (13 S. E. 2d 20, 133 A. L. R. 684); *Ellis* v. *Parks,* 212 *Ga.* 540, 542, supra. The picketing here, as stipulated, was apparently peaceful but, as shown in the foregoing statement of facts, it was financially disastrous to the petitioner, which had no dispute with labor. We therefore move on to determine the purpose of the same and whether or not this labor organization had the right to trespass upon the petitioner in such manner.

The exception being to the grant of a temporary injunction after a hearing, we have for determination whether or not the

evidence was sufficient to grant the injunction, and for a case involving the important issue of this one, it appears that the briefness of the evidence as to why the union organization was on the premises did not give the trial judge sufficient facts to ascertain the truth. Counsel then have only themselves to blame if they have failed to show the true facts as they exist, for we have only the cold pages of the record to consider. The undisputed evidence, in addition to the brief statement of facts above, discloses that the union had had only verbal contracts with one of the subcontractors whenever it had jobs in the State of Georgia; that there was an agreement with this subcontractor as to the hourly wages of \$3.85, which was reduced to \$3.35, resulting in the picket line when the subcontractor refused to pay as allegedly agreed, but there was no evidence that the agreement to pay \$3.85 required the union local to furnish labor or other services or any other disclosed consideration; or that the union was the collective bargaining agent of any of the employees; and while 10 of the 17 employees of this subcontractor were members of a union, only one testifies that he was a member of this union. The record is silent as to the others and as to whether or not the union negotiated any agreement for him and the others, and there was no evidence of a contract or agreement with the other subcontractor, which was not even on the job site at the time of the picketing. Without this further information as to the hourly wage agreement, it appears to be a nudum pactum.

Since the petitioner sought to restrain illegal picketing and showed that there was no labor dispute and the resulting damage to him for the continuing trespass, which caused all union employees to refuse to cross the picket line, a prima facie case was shown, which would authorize the court to grant the temporary injunction unless the evidence showed that the picketing was lawful. The only dispute shown was between the local and one of the subcontractors, and the evidence does not disclose this to be an employee-employer dispute. Much is left to be presumed and imagined from the briefness of the testimony on this alleged broken contract. Nor does the evidence show this union to be the collective bargaining agent of any of the em-

ployees. The results of the picketing by these persons were thus shown to violate the rights of the petitioner, and even though peaceful, caused him property damage, for which he has a right to seek an injunction to prevent the trespass. Where there is any evidence to support the ruling of the lower court, the discretion of the trial judge will not be controlled in the grant or denial of a temporary injunction. Thus this court can not hold that there was an abuse of discretion here. See *Log Cabin Steak Co.* v. *Burton*, 212 *Ga.* 648 (94 S. E. 2d 694), and cases cited therein; *Woodard* v. *Collier*, 210 *Ga.* 239, supra; *Ellis* v. *Parks*, 212 *Ga.* 540, supra. The case of *Hallman* v. *Painters District Council No. 38*, 203 *Ga.* 175 (45 S. E. 2d 414) differs from this case in that the peaceful picketing therein arose out of a failure of the collective bargaining representative and the employer to reach an agreement as to hourly wages, and the employees quit and began to picket, none of which actions could be said to be unlawful. It follows that the court did not err in enjoining the picketing.

*Judgment affirmed. All the Justices concur.*