20684. FRANKLIN *et al.* v. SING-WILKES, INC.

DUCKWORTH, Chief Justice. This case is here on an exception to an order granting a temporary injunction after a hearing on a petition to enjoin certain lawful acts, alleged to be done for the illegal purpose of harassing the defendant by making continued calls and complaints to the police of

the City of Thomasville about alleged noises and other breaches of the peace emanating from the petitioner's business in Thomasville. The allegations show that the complaints are not for the purpose of prosecuting the commission of any crime or violation of city ordinances, but are for the purpose of harassing the petitioner in its lawful business to cause it to discontinue its night-service-station operations at this particular station. By cross-action the defendants sought an injunction to prevent certain noises and disturbances originating at said service station. The order excepted to enjoined the defendants, until the further order of the court, from interfering with or harassing the petitioners' employees and customers as prayed in the petition. The prayers of the petition sought among other things to prevent the defendants from making telephone calls to the police department and making prosecutions and suing out warrants against the petitioner's employees in the operation of said station and its customers. At the hearing it was stipulated that approximately 8 cases had been made against a person or persons for alleged breaches of the peace at the service station, involving noise. These cases had been disposed of in the Recorder's Court of Thomasville, but are now pending on appeal in the superior court. The evidence and the stipulations showed that the property, which had been residential, has been zoned for business; that the noises around such station are the usual noises made by the operation of such a business; that, since the beginning of the business, the petitioner's officers and employees and the defendants have been in continuous altercation and discussion over the operation of the service station; that one of the defendants had made the statement that, if the petitioner did not close at night, he would see if he couldn't get him closed; that the arrests of customers and employees had hurt the petitioner's business; and that the defendants had called the police complaining of noises of tire changing, loud talking, air compressors running, and other varied noises and that cases had been made by the police after being so summoned. *Held*:

1. This court has repeatedly held that, where the evidence is conflicting at an interlocutory hearing to determine whether or not the lower court should grant or deny a temporary injunction, it can not be said that the court abused its discretion in either granting or denying the injunction. Code § 55-108;

*Deriso* v. *Castleberry,* 202 *Ga.* 174 (3) (42 S. E. 2d 356);
*Fitzgerald* v. *Head,* 202 *Ga.* 640 (44 S. E. 2d 117); *Jones*
v. *Camp,* 208 *Ga.* 164 (1) (65 S. E. 2d 596); *Moultrie Milk
Shed* v. *City of Cairo,* 206 *Ga.* 348. (57 S. E. 2d 199); *Davis*
v. *Deariso,* 210 *Ga.* 717 (82 S. E. 2d 509); *City of Albany* v.
*Lippitt,* 191 *Ga.* 756 (13 S. E. 2d 807); *Log Cabin Steak Co.* v.
*Burton,* 212 *Ga.* 648 (94 S. E. 2d 694); *Ellis* v. *Parks,* 212
*Ga.* 540 (93 S. E. 2d 708); *Fleming* v. *H. W. Ivey Construc-
tion Co.,* 215 *Ga.* 460 (111 S. E. 2d 97). It follows that the
court did not err in granting a temporary injunction against
the defendants and in refusing to grant the temporary injunc-
tion prayed for in the cross-action.

2. The exception to the failure of the court to rule on and sus-
tain the demurrers to the petition, after a hearing thereon in
which the court reserved its rulings thereon, is treated as
abandoned since counsel for the plaintiff in error has failed
to argue it either in the brief or orally before this court.
Furthermore, the exception is to no judgment and hence pre-
sents nothing for a decision.

*Judgment affirmed. All the Justices concur.*

ARGUED NOVEMBER 9, 1959—DECIDED JANUARY 8, 1960.

*B. B. Earle, Jr., Altman & Johnson,* for plaintiffs in error.
*Cain & Smith, S. P. Cain,* contra.