## 22260. VERALLAS v. CITY OF CHAMBLEE.

DUCKWORTH, Chief Justice. While the petition, as amended, is one in equity to enjoin the prosecution of the petitioner for violations of an ordinance regulating and controlling the operation of a trailer camp because of the alleged unconstitutionality of the ordinance after an alleged expenditure of $1,600 to construct a sewer line in the county, the operation of the business since 1958, and the declared purpose of the city to close it down as revealed by the notice, which if carried out would deprive the petitioner of certain property rights; yet the uncontradicted evidence of the mayor at the interlocutory hearing shows that the property was not zoned "for trailer park operation," that petitioner had been given special permits for a certain number of trailers from time to time and had made application to rezone the property for the operation of a trailer park which had been refused; and although testimony of the petitioner infers an arbitrary attempt to enforce the trailer camp ordinance which he has attacked as being unconstitutional and an attempt thereafter to enforce a zoning ordinance when petitioner failed to comply with the demands of mayor and council to limit the number of trailers, the evidence was, at most, conflicting to the trial judge who, on interlocutory hearing, has a wide discretion in granting or denying a temporary injunction. There being evidence to support the denial of the injunction, this court can not reverse the judgment. *Code* § 55-108; *Moses v. Flewellen,* 42 Ga. 386; *Franklin v. Sing-Wilkes, Inc.,* 215 Ga. 596, 597 (1) (112 SE2d 618); *Dozier v. Mangham,* 215 Ga. 718 (113 SE2d 212).

*Judgment affirmed. All the Justices concur.*

SUBMITTED NOVEMBER 13, 1963—DECIDED JANUARY 10, 1964.

*Kanes, Benator & Lambros, Nick G. Lambros, John Wesley Weekes, Weekes & Candler,* for plaintiff in error.
*George Chenggis,* contra.