25952. CONSTRUCTION & GENERAL LABORERS LOCAL UNION 246, INTERNATIONAL HOD CARRIERS, BUILD- ING & COMMON LABORERS UNION OF AMERICA v. JORDAN COMPANY.

ARGUED JULY 14, 1970—DECIDED SEPTEMBER 10, 1970.

*Gilbert & Carter, Tom Carter,* for appellant.

*Lee H. Henkel, Jr., Swift, Pease, Davidson & Chapman, W. G. Scranton, Jr., Tom B. Slade,* for appellee.

ALMAND, Chief Justice. This appeal is from an order granting an interlocutory injunction.

The Jordan Company filed its complaint against Construction & General Laborers Local Union 246, International Hod Car- riers, Building & Common Laborers Union of America, an un- incorporated labor organization. In substance the petition alleged: (1) that on May 24, 1967, the plaintiff and defendant entered into a collective bargaining agreement whereby wages and other working conditions were agreed upon as applied to all current and future construction work of plaintiff covering common labor work; (2) that plaintiff had carried out all the terms and conditions of said collective bargaining agreement and defendant had accepted the benefits of said agreement and the employees were paid in accordance with the terms of the agree- ment; (3) that it was at present engaged in the construction of

the Columbus-Muscogee County Courthouse; (4) that on April 6, 1970, while the said collective bargaining agreement was in full force and effect, defendant placed or caused to be placed, pickets at the entrance to the courthouse construction site, and other employees of the plaintiff and its subcontractors have refused to cross the picket line and a virtual stoppage of all construction work has resulted.

It was further alleged, "that the purpose of said picketing is to force it to change and abrogate the terms of the aforesaid valid, enforceable collective bargaining agreement in that despite the existence of said contract as aforesaid defendant now demands that plaintiff bargain with defendant with respect to wages and other matters which are all covered by and provided for in said contract which was and is in full force and effect . . . that said picketing and unlawful conduct on the part of defendant is pursuant to an unlawful conspiracy among defendant and its agents, servants and employees, and that plaintiff is being damaged as the result of such unlawful conspiracy and conduct . . . that said picketing being carried on by defendant has intimidated and prevented employees of plaintiff from carrying out their employment; that said picketing and unlawful conduct has interfered with the peaceable use and enjoyment of plaintiff's property and the conduct of its business; and that said picketing interferes with and obstructs the passage into and from said construction site, which is government property.

The prayers of the petition were that the defendants and all other persons acting for or in behalf of Local No. 246 be enjoined from interfering with the construction work at the courthouse site, or interfering with the plaintiff and its employees by picketing, violence, intimidation, force or threats.

On presentation of the complaint a temporary restraining order was granted and a rule nisi issued.

The defendant union filed its motion to dissolve the temporary injunction and to dismiss the complaint because of the court's lack of jurisdiction over the subject matter. It asserted: (a) that the controversy was governed and regulated by the provisions of the Labor Management Relations Act of 1947 as

amended (29 U. S. C. A. Sections 141-187 and particularly sections 7 and 8 of that Act—29 U. S. C. A. Sections 157 and 158). (b) that the plaintiff was engaged in interstate commerce and the subject matter of the complaint was a labor dispute within the meaning of Section (9) of the Act (29 U. S. C. A. 152 (9)); (c) that the plaintiff granted substantial wage increases in excess of the wage rates set forth in the current collective bargaining agreement; and (d) that plaintiff was guilty of unfair labor practices and the National Labor Relations Board had sole jurisdiction to review the employer's complaint and the State court was without jurisdiction to entertain the complaint.

After hearing evidence and argument of counsel the trial court (a) denied defendant's motion to dissolve the injunction, based upon lack of jurisdiction over the subject matter, and (b) granted the plaintiff's prayers for an interlocutory injunction.

The defendant filed its notice of appeal, and error is enumerated on the order noted above, and other rulings made pursuant thereto. The error enumerated on the order was the only one argued by appellant.

■ The trial court did not err in assuming jurisdiction over the subject matter of the complaint.

Under the pleadings and evidence the court was authorized to find that on May 24, 1967, at a conference attended by the business representative of the defendant union and officials of the plaintiff company, an oral collective agreement, subsequently reduced to writing and initialed by the parties, was agreed upon. In this agreement, a wage schedule for the period beginning June 5, 1967, was agreed upon at $1.60 per hour through payroll period beginning Labor Day 1970 at $2.00 per hour. It was agreed that the agreement "could be canceled on 60 days advance notice due to extreme circumstances (?) being really the only reason for cancellation." It was agreed that such employees as "vibrator operators, mortar makers, etc.," would gradually be upgraded. Pursuant to this agreement the employer had upgraded a few employees by increasing their pay. The defendants' representative took the position that such upgrading of these employees without the Union's consent terminated the bargaining agreement.

The court, under the evidence, was authorized to conclude that the collective bargaining agreement was of binding force and effect and the act of the union in placing pickets on the construction job was a breach of the agreement resulting in irreparable damage to the plaintiff.

It was held in Charles Dowd Box Co. v. Courtney, 368 U. S. 502 (82 SC 519, 7 LE2d 483), that Sec. 301 (a) of the Labor Relations Act, 1947 (29 U. S. C. A. § 185) which confers on Federal district courts jurisdiction over suits for violation of contracts between employers and labor organizations representing employees in industries affecting interstate commerce does not divest State courts of jurisdiction over such suits. Mr. Justice Stewart, writing the opinion for the court said (p. 509): "The Labor Management Relations Act of 1947 represented a far-reaching and many-faceted legislative effort to promote the achievement of industrial peace through encouragement and refinement of the collective bargaining process. It was recognized from the outset that such an effort would be purposeless unless both parties to a collective bargaining agreement could have reasonable assurance that the contract they had negotiated would be honored. Section 301 (a) reflects congressional recognition of the vital importance of assuring the enforceability of such agreements. . .

"The clear implication of the entire record of the congressional debates in both 1946 and 1947 is that the purpose of conferring jurisdiction upon the federal district courts was not to displace, but to supplement, the thoroughly considered jurisdiction of the courts of the various States over contracts made by the labor organizations."

There are many decisions from other jurisdictions, State and Federal, dealing with the main question here which is: Does the State court have jurisdiction to grant injunctive relief against picketing where there is a valid subsisting collective bargaining agreement between an employer engaged in work affecting interstate commerce and where such picketing has for its purpose or effect, the breach of the collective bargaining agreement?

We concur in the view of a great majority of the decisions

from these outside jurisdictions that in an action by the employer to enjoin a violation of a collective agreement, evidence of a breach of the agreement resulting in irreparable damage to the employer, justifies the grant of injunctive relief by a State court of equity to preserve contractual rights and enforce the performance of the obligations assumed in the contract. This is true even though the business of the employer affects interstate commerce. Picketing for the purpose of forcing an employer to modify or nullify an existing collective bargaining agreement may be enjoined though it is peaceful. General Bldg. Contractors' Assn. v. Local Unions Nos. 542 &c., 370 Pa. 73 (87 A2d 250, 32 ALR2d 822); Lion Oil Co. v. Marsh, 220 Ark. 678 (249 SW2d 569); McCarroll v. Los Angeles County &c. Carpenters, 49 Cal. 2d 45 (315 P2d 322), cert. den. 355 U. S. 932. See also, Masonite Corp. v. International Woodworkers, 215 S2d 691, cert. den. 394 U. S. 974. A breach of a collective bargaining agreement is not in itself an unfair labor practice and the National Labor Relations Board has no jurisdiction to try a case arising out of such breach. A. I. Gage Plumbing Supply Co. v. Local 300, 202 Cal. App. 2d 197 (20 Cal. Rptr. 860, 92 ALR2d 1223); Lodge No. 12 v. Cameron Iron Wks., 257 F2d 467, cert. den. 359 U. S. 880.

The cases of San Diego Bldg. Trades Council v. Garmon, 359 U. S. 236 (79 SC 773, 3 LE2d 775), and *Armstrong Cork Co. v. Joiner*, 221 Ga. 789 (147 SE2d 317) relied upon by appellant are not in point here in that no collective bargaining agreements and a breach thereof were involved in these cases.

■ The trial judge did not abuse his discretion in light of the evidence before him in granting an interlocutory injunction. Compare *Fleming v. H. W. Ivey Constr. Co.*, 215 Ga. 460 (111 SE2d 97).

*Judgment affirmed. All the Justices concur.*