55592. LENTZ v. STATE PERSONNEL BOARD et al.

BIRDSONG, Judge.

Appellant Lentz was a state employee with a permanent status under the Merit System. In October, 1974, he was first suspended and then terminated from this employment because of alleged misconduct. Lentz was not informed of the nature of the accusations against him prior to his discharge. He requested a specification of the charges and demanded a hearing to contest the grounds of his discharge. He was advised of the specific nature of the charge against him 18 days after his termination and was afforded an adversary hearing before a hearing officer in December, 1974. After the demand for specificity but prior to the hearing, one of

Lentz' key witnesses died. Upon an adverse ruling following the administrative hearing, Lentz petitioned for certiorari to the superior court. He brings this appeal from the denial of certiorari. *Held:*

Appellant initially sought to invoke the jurisdiction of the Supreme Court, alleging that the procedural rules affording a hearing to a member of the Merit System were constitutionally defective. Appellant contended that insofar as the rules in existence at the time of his discharge did not provide for a pre-discharge hearing, with the right to present refuting evidence and the calling of witnesses, and the corollary right to confront his accusers, those rules did not meet minimal standards of due process, citing Eley v. Morris, 390 FSupp. 913 (N. D. Ga. 1975) and *Dept. of Human Resources v. Sims,* 137 Ga. App. 72 (222 SE2d 832). The Supreme Court rejected these constitutional arguments without comment and transferred the case to this court for disposition. Appellant's argument based upon the Eley case has previously been rejected by this court in *Allen v. State Personnel Bd.,* 140 Ga. App. 747 (231 SE2d 826). Moreover, the *Sims* case dealt with a situation where there was no adequate record or transcript to indicate whether that employee's rights had been protected. In this case, Lentz was afforded a full hearing and we are presented with a full transcript and a complete record. Appellant does not contend that the procedures followed at the actual hearing were inadequate or unfair. In fact he concedes that he was afforded a fair hearing.

Due process does not require a hearing prior to discharge *(Brownlee v. Williams,* 233 Ga. 548, 553 (212 SE2d 359)), and procedural defects prior to a fair hearing may be cured by that subsequent hearing. Peppers v. United States Army, 479 F2d 79, 83 (4th Cir. 1973). When an agency neglects to follow a procedural rule but its failure inflicts no significant injury on the party entitled to observance of the rule, the error does not prevent further administrative or judicial action. EEOC v. Airguide Corp., 539 F2d 1038, 1042 (5th Cir. 1976). For a procedural defect to violate due process, the defect must be shown to be prejudicial. Alsbury v. United States Postal Service, 392 FSupp. 71 (C.D. Cal. 1975). Assuming,

arguendo, that the regulations in existence at the time of appellant's dismissal required that he be given 15 days notice prior to an adverse action being taken against him with the right to call witnesses and present rebuttal, and that these requirements were violated, such violations were cured by the full hearing subsequently extended to Lentz with the right, exercised by him, to cross examine adverse witnesses and present evidence in his own behalf. *Allen v. State Personnel Bd.,* supra.

Nevertheless, Lentz attempts to avoid the effect of the curative action of a subsequent hearing by urging that his key witness died between the time he demanded a hearing and the hearing itself. He thus asserts the existence of specific prejudice caused by the failure to afford him a pre-discharge hearing while his witness was still alive.

Pretermitting consideration of the fact that the record is devoid of any offer by Lentz as to what the deceased witness might have testified (see *Cooper v. Mercantile Nat. Bank,* 137 Ga. App. 605, 611 (224 SE2d 442)), and giving appellant the advantage of evidence that the deceased witness would have testified favorably in Lentz' behalf, we are nevertheless unable to find any showing of clear prejudice to Lentz caused by the death of his witness. Lentz admitted that he knew that his acts, as proved, violated agency rules regardless of his supervisor's prior approval. These admissions form a sufficient basis for the dismissal action taken against Lentz, notwithstanding any admissions against interest that might have been made by Lentz' deceased supervisor who we note was fired for his own misconduct. We find neither uncured procedural defects nor evidence of specific prejudice sufficient to warrant an additional hearing in this case. It follows that the superior court did not err in denying the request for certiorari.

*Judgment affirmed. Bell, C. J., and Shulman, J., concur.*

Argued April 10, 1978 — Decided June 22, 1978.

*H. Norwood Pearce, William H. Arey,* for appellant.

*Arthur K. Bolton, Attorney General, Harrison Kohler, Assistant Attorney General,* for appellees.