S96A0315. BAILEY v. BUCK.
(467 SE2d 554)

CARLEY, Justice.

When the 40 Watt Club, Inc. (Corporation) was incorporated in 1987, Jared Bailey and Barrie Buck became co-directors with each owning 50 percent of the stock. Originally Bailey was President and Buck was Secretary-Treasurer. When the Corporation did not meet with financial success, Bailey relinquished the management of the company to Buck and began his own business venture. A dispute subsequently arose as to whether Bailey continued to hold the office of President, and Buck refused to provide Bailey with keys to the corporate business offices. Bailey brought suit for declaratory and equitable relief "on the issue of his status as President of the Corporation." Buck answered, asserting that Bailey had not been President since June 1994, "when he announced his resignation and thereafter ceased to act" in that capacity. Bailey applied for an interlocutory injunction and, after conducting a hearing, the trial court declined to grant any injunctive relief. It is from the trial court's denial of an interlocutory injunction that Bailey brings this appeal.

1. "[T]he sole purpose for granting interlocutory injunctions is to preserve the status quo of the parties pending a final adjudication of

the case. [Cit.]" *MARTA v. Wallace*, 243 Ga. 491, 494 (3) (254 SE2d 822) (1979). Here, the question which awaits a final adjudication is whether Bailey is the President of the Corporation. Although it is undisputed that Bailey originally held that office, the trial court found that he "willingly relinquished active management of the [C]orporation approximately a year before the events which led to this action. . . ." This finding by the trial court was authorized by Buck's testimony that "Bailey quit the [Corporation] in early June, 1994, and has taken no further part in its management or operations" and that Bailey did not "assert that he was still [P]resident of the [C]orporation" until shortly before filing suit.

On this evidence, the status quo is that Bailey is no longer the President because he previously relinquished that corporate office. The loss of a position of influence over the future direction of a corporation authorizes equitable relief. *Sherrer v. Hale*, 248 Ga. 793, 797 (2) (285 SE2d 714) (1982). However, equity will not restore Bailey to a corporate office that he willingly relinquished, since neither law nor equity will assist those who neglect to take care of themselves. *Phillips v. Hayes*, 212 Ga. 148, 149 (91 SE2d 19) (1956). It is immaterial that there also may have been evidence before the trial court that Bailey did not resign his corporate office. All that is material on appeal is that there is evidence which supports the trial court's finding that Bailey did so. Where the evidence is conflicting, "it can not be said that the court abused its discretion in either granting or denying the injunction. [Cits.]" *Franklin v. Sing-Wilkes, Inc.*, 215 Ga. 596, 597 (1) (112 SE2d 618) (1960).

Bailey may yet prevail on his assertion that he remains President of the Corporation. A ruling on a prayer for an interlocutory injunction is preliminary and preparatory. Such a ruling is in contemplation of a future final hearing, but it does not determine what the result of such hearing will be. *Milton Frank Allen Publications v. Ga. Assn. of Petroleum Retailers*, 223 Ga. 784, 788 (158 SE2d 248) (1967). However, the trial court's order specifies that it considered all of the evidence and, for purposes of deciding whether to enter an interlocutory injunction, the trial court gave credence to Buck's testimony. Since the evidence authorized the denial of interlocutory injunctive relief, this Court will not reverse the trial court's order on the general grounds. See *Rife v. Corbett*, 264 Ga. 871 (455 SE2d 581) (1995).

2. Bailey urges that he nevertheless was entitled to equitable relief with regard to his right of access to the corporate business premises. However, there is no evidence that he is being denied total access to the corporate business premises. There was evidence only that, because he has not been furnished with keys to the building, he does not have unlimited access thereto. If, as the trial court was authorized to find, Bailey is no longer President, he has no viable current claim to

unlimited access based upon that official corporate capacity. Bailey produced nothing demanding a finding that, in his undisputed current capacity as a co-director and one-half owner of the stock, he is entitled to unlimited access to the business premises. The trial court's order specifies that it undertook to balance the conveniences as between Bailey, in his current capacity, and Buck, in her capacity as the present "de facto manager" of the Corporation and declined to grant an interlocutory injunction. There was no reversible abuse of discretion in the trial court's order. See *Steenhuis v. Todd's Constr. Co.,* 227 Ga. 836 (1) (183 SE2d 354) (1971).

3. To the extent that Bailey's enumerations of error raise issues which are not explicitly or implicitly resolved by this opinion, those unresolved issues are moot and need not be addressed.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 11, 1996.

*Susan R. Sorrow, Nadine D. Bailey,* for appellant.
*Philip C. Smith,* for appellee.