S12A0304. UNIFIED GOVERNMENT OF ATHENS-CLARKE COUNTY v. STILES APARTMENTS, INC.

(723 SE2d 681)

CARLEY, Presiding Justice.

In 1954, Appellee Stiles Apartments and the City of Athens, predecessor to Appellant Unified Government of Athens-Clarke County (ACC), entered into an agreement concerning the creation of a parking area and new sidewalk on the western side of South Lumpkin Street in Athens, Georgia. The purpose of the agreement was to relieve traffic congestion due to cars parking parallel to the raised sidewalk along South Lumpkin Street. With Stiles Apartments paying all of the costs of construction, the public sidewalk was relocated onto its private property, and a parking lot was created that contained approximately 22 spaces. About two-thirds of each space lies on land owned in fee simple by Stiles Apartments, and the other third of each space lies on public land. As specifically provided in the agreement, at least every seven years, Stiles Apartments temporarily closes the parking area to public access in order to prevent the public from obtaining prescriptive rights to that portion of the property that Stiles Apartments owns in fee simple. The agreement provides that the parking spaces and sidewalk will be maintained by ACC as if they are part of the public street system.

Since 2003, the commercial tenants of Stiles Apartments have complained about non-customers using the parking area, including leaving cars for days. Stiles Apartments attempted to tow such vehicles, but were forced to stop when its president, Barry Stiles, was threatened with arrest by the county attorney, William C. Berryman. Berryman takes the position that the parking area was created for the use of the public, not just Stiles' tenants, and thus Stiles Apartments does not have the authority to control who can and cannot park in the parking area. After losing several tenants due in part to the parking problems, Stiles Apartments filed suit on December 27, 2010 asserting ownership over the parking area and seeking interlocutory and permanent injunctive relief to prohibit ACC from exercising any control over the parking area. ACC counterclaimed for declaratory judgment, ejectment, and breach of contract. After a hearing held on April 15, 2011, the trial court issued an order on May 24, 2011 granting the request for injunctive relief

against ACC's efforts to assert ownership or control over the parking area but denying a request to enjoin ACC from arresting Mr. Stiles for towing vehicles from the parking area. ACC appeals from that order.

1. "The grant or denial of an interlocutory injunction will not be interfered with by this Court in the absence of a manifest abuse of discretion. [Cit.]" *Hampton Island Founders v. Liberty Capital*, 283 Ga. 289, 292 (1) (658 SE2d 619) (2008). " '(T)he sole purpose for granting interlocutory injunctions is to preserve the status quo of the parties pending a final adjudication of the case. (Cit.)' [Cit.]" *Bailey v. Buck*, 266 Ga. 405-406 (1) (467 SE2d 554) (1996). In the present case, the question that awaits a final adjudication is whether the parties to the 1954 agreement intended to create or reserve public property rights in the land owned by Stiles Apartments, thereby giving the authority to control who can or cannot use the parking area to ACC.

In granting the interlocutory injunction in the present case, the trial court considered whether

"(1) there is a substantial threat that the moving party will suffer irreparable injury if the injunction is not granted; (2) the threatened injury to the moving party outweighs the threatened harm that the injunction may do to the party being enjoined; (3) there is a substantial likelihood that the moving party will prevail on the merits of [its] claims at trial; and (4) granting the interlocutory injunction will not disserve the public interest." [Cit.]

*SRB Investment Services v. Branch Banking and Trust Co.*, 289 Ga. 1, 5 (3) (709 SE2d 267) (2011). As for the first factor, the trial court observed that "[w]here an interest in land is threatened, 'such harm is deemed irreparable to the unique character of the property interest. . . .' [Cits.]" *Westpark Walk Owners v. Stewart Holdings*, 288 Ga. App. 633, 635 (1) (655 SE2d 254) (2007). The trial court also found that ACC was on the verge of entering into a contract with the Downtown Athens Development Authority (DADA) for the purpose of installing parking meters and instigating routine patrols to issue citations in the parking area. The court found that such an imposition of ACC authority over private property would cause great harm to Stiles Apartments and would also substantially alter the status quo. Regarding the third factor, the trial court performed a lengthy, detailed analysis of the likelihood that Stiles Apartments would prevail on the merits of its claims, applying the traditional rules of contract construction and meanings of property terms. The court stated that the agreement contains no "express intention that [the]

[p]arking [a]rea was created for public use" and highlighted that the agreement "repeatedly emphasizes that [Stiles Apartments] is to retain title in the [p]arking [a]rea." The trial court also pointed out that Stiles Apartments paid all costs of construction of the parking area and pays taxes on the entire property, that the agreement was not recorded in the public property records, and that ACC's tax assessor's office recognizes no servitudes on the property, to support the conclusion that the parties to the agreement had no intention of creating or reserving public property rights in the land owned by Stiles Apartments. Finally, the trial court found that the interlocutory injunction would not disserve the public interest, stating that a "governmental entity depriving a private entity of its property without the due process of law can rarely, if ever, be in the public interest."

Therefore, on the evidence as described by the trial court, the status quo is that the parking area is for the use of the patrons of the tenants of Stiles Apartments, and the interlocutory injunction was granted in order to enjoin ACC from attempting to assert dominion or control over the area by installing parking meters or having its agents patrol the area.

> It is immaterial that there also may have been evidence before the trial court that [favored the contract interpretation argued by ACC]. All that is material on appeal is that there is evidence which supports the trial court's finding that [the parties did not intend to create public property rights in the parking area]. Where the evidence is conflicting, "it can not be said that the court abused its discretion in either granting or denying the injunction. (Cits.)" [Cit.]

*Bailey v. Buck*, supra at 406 (1). ACC may yet prevail on its claim that the agreement intended for all or part of the parking area to be used by the public at large. However, for the purposes of deciding whether to grant the interlocutory injunction, the trial court accepted the evidence supporting the construction of the agreement as argued by Stiles Apartments. As there is evidence authorizing the grant of interlocutory injunctive relief, the trial court did not manifestly abuse its discretion.

2. ACC also raises the defenses of laches, waiver, and the statute of limitations. However, a review of the record shows that these issues were not ruled on by the trial court. Therefore, they may not be raised on appeal. See *Brown v. Pounds*, 289 Ga. 338, 341-342 (3) (711 SE2d 646) (2011); *Davis v. Parris*, 289 Ga. 201, 205 (4) (710 SE2d 757) (2011); *Brookfield Country Club v. St. James-Brookfield*, 287 Ga. 408, 413 (3) (696 SE2d 663) (2010).

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 19, 2012.

*Carothers & Mitchell, Thomas M. Mitchell*, for appellant.
*Barry L. Fitzpatrick, Regina M. Quick*, for appellee.