S16A1019. CITY OF WAYCROSS v. PIERCE COUNTY BOARD OF COMMISSIONERS et al.
(793 SE2d 389)

THOMPSON, Chief Justice.

The City of Waycross (the "City"), which is situated primarily in Ware County, annexed property in Pierce County (the "County") in the 1980s. The City constructed a component of its wastewater treatment facility in the annexed area, and entered into service delivery strategy agreements with the County in 1999. The agreements provided that the City would provide water and sewer services

in the annexed area; they did not contain an expiration date. The City provided the agreed upon services and collected fees from the users of the services.[1] The fees covered the costs of providing water and sewer services in the annexed area. Residents of the City did not subsidize the costs of the services.

In 2015, the legislature passed House Bill 523, which was signed by the Governor and became effective July 1, 2015. Ga. L. 2015, p. 3513. The bill amended the City's charter so that no portion of the City would "include any territory within the boundaries of Pierce County." Id.

The City brought suit to enjoin enforcement of House Bill 523 and have it declared unconstitutional. The trial court denied interlocutory relief, partly because it determined the City is still authorized to provide water and sewer services to the formerly annexed area.[2]

In July 2015, the City notified businesses and homeowners located in the de-annexed area that new, higher user fees would be charged. The County filed a counterclaim alleging that the new fees were arbitrarily higher than fees charged Ware County residents, and therefore violated the Service Delivery Strategy Act, OCGA § 36-70-20 et seq. The County sought an interlocutory injunction to prohibit the City from implementing the new user fees.

In August 2015, the City passed a resolution to halt the delivery of water and sewer services in the formerly annexed area. At that point, the County filed an amended counterclaim requesting the City be enjoined from discontinuing its water and sewer services. Thereafter, the trial court granted motions to intervene filed by Kelly Thrift and Coastal Forklift Hydraulics, Inc., water and sewer customers of the City.[3] Then, following a hearing, the trial court granted the County's request for an interlocutory injunction. This appeal followed.

1. We find no abuse of the trial court's broad discretion in granting the interlocutory injunction.

> An interlocutory injunction is an extraordinary remedy, and the power to grant it must be "prudently and cautiously

---

[1] There are eight such users.

[2] The City appealed this ruling to the Court of Appeals, which affirmed without opinion on March 3, 2016.

[3] Thrift resides in the de-annexed area; Coastal Forklifts' facility lies outside the de-annexed area in Pierce County. The trial court found that, other than the City, no governmental entity is capable of providing water and sewer services to the de-annexed area within the near future, and that Thrift would have to move from her home, and Coastal Forklift would have to relocate its facility, if water and sewer services were terminated.

exercised." *Parker v. West View Cemetery Assn.*, 195 Ga. 237, 242-243 (24 SE2d 29) (1943). However, to be effective, the decision to grant an interlocutory injunction must often be made under time constraints that do not allow for the careful deliberation and reflection that accompany a full trial on the merits. See id. Thus, the trial court must make a judgment call regarding the equities presented, and the court is vested with broad discretion in making that decision. See OCGA § 9-5-8 ("The granting and continuing of injunctions shall always rest in the sound discretion of the judge . . . ."). The grant or denial of an interlocutory injunction will not be reversed on appeal unless the trial court made an error of law that contributed to the decision, there was no evidence on an element essential to relief, or the court manifestly abused its discretion. See *Chambers [v. Peach County]*, 268 Ga. [672, 673 (492 SE2d 191) (1997)]; Christopher J. McFadden et al., Georgia Appellate Practice with Forms, § 6-16, pp. 205-206 (2008).

*Bishop v. Patton*, 288 Ga. 600, 604 (706 SE2d 634) (2011).

An interlocutory injunction should not be granted unless the moving party shows that: (1) there is a substantial threat that the moving party will suffer irreparable injury if the injunction is not granted; (2) the threatened injury to the moving party outweighs the threatened harm that the injunction may do to the party being enjoined; (3) there is a substantial likelihood that the moving party will prevail on the merits of her claims at trial; and (4) granting the interlocutory injunction will not disserve the public interest. The first factor — substantial threat of irreparable injury if an interlocutory injunction is not entered — is the most important one, given that the main purpose of an interlocutory injunction is to preserve the status quo temporarily to allow the parties and the court time to try the case in an orderly manner.

(Citations omitted.) Id. at 604-605.

The trial court balanced the equities and determined that an interlocutory injunction should issue to preserve the status quo in this case. Because the test for the issuance of an interlocutory injunction is a balancing test, it was not incumbent upon the County to prove all four factors to obtain the interlocutory injunction. See *SRB Investment Svcs., LLLP v. Branch Banking and Trust Co.*, 289

Ga. 1, 5, n. 7 (709 SE2d 267) (2011). Nevertheless, the County presented compelling evidence as to each of the four factors.

As to the first factor, irreparable injury, the most important one, *Bishop v. Patton*, supra, the County demonstrated that it and intervenors would suffer irreparable harm if the City discontinued water and sewer services in the affected area. After all, in the absence of water and sewer services, it would be incumbent upon the County to provide these services to residents of the de-annexed area as soon as possible. This would entail great expense on the part of the County. Moreover, the intervenors would be unable to remain at their current locations without water and sewer services.

The County met the second factor by showing that the potential for harm to the County and intervenors outweighs any possible harm to the City. That is because, as the trial court found, the cost of providing water and sewer services is wholly financed by the fees collected from users of the services. Thus, the City will not endure any harm as a result of the interlocutory injunction. On the other hand, as already noted, the County will incur great costs in the absence of interlocutory injunctive relief.

The City argues the County failed to show a substantial likelihood of success on the merits because, pursuant to its water and sewer contract with the County, it is prohibited from providing water and sewer services to customers outside the City limits. Continuing the argument, the City asserts that once the legislature de-annexed the City's territory within the County, it could no longer provide water and sewer services legally to customers in the de-annexed area. The flaw in the City's argument is three-fold. First, it is predicated on the erroneous supposition that a substantial likelihood of success is the same as a showing of ultimate success. See *Garden Hills Civic Assn. v. MARTA*, 273 Ga. 280, 281 (539 SE2d 811) (2000). Second, it loses sight of the fact that the four factor test for issuing an interlocutory injunction is a balancing test and that it is not incumbent upon the movant to prove each factor. See *SRB Investment Svcs., LLLP v. Branch Banking and Trust Co.*, 289 Ga. at 5, n. 7. See also *Bernocchi v. Forcucci*, 279 Ga. 460, 461 (614 SE2d 775) (2005) ("In determining whether to issue an interlocutory injunction, the trial court must balance the conveniences of the parties pending final adjudication. An interlocutory injunction may be issued to maintain the status quo if, after balancing the relative equities of the parties, it appears the equities favor the party seeking the injunction." (citations omitted)); *Garden Hills Civic Assn.*, 273 Ga. at 281 (likelihood of success on the merits is not the determining factor). Third, it fails to appreciate the consequences of the lack of specifics in its service delivery strategy agreement.

The first two of these flaws need no further discussion. As to the third flaw, our review of the service delivery strategy agreement demonstrates that it could plausibly be interpreted so as to require the City to continue to deliver water and sewer services to the de-annexed area. As previously stated, the City and the County entered into the service delivery strategy agreement in 1999. Although the agreement states that the City is to furnish water and sewer services within the "city limits," it provides no guidance as to what is meant by that term. Should the "city limits" be construed to be as they existed in 1999, or on July 1, 2015, the effective date of the de-annexation measure? That would depend on the intent of the parties at the time the agreement was made. See *Dooley v. Dun & Bradstreet Software Svcs.*, 225 Ga. App. 63, 65 (483 SE2d 308) (1997). Although no evidence was presented to the trial court to shed light on the parties' intent, the record does not demand a finding that the County and intervenors are unlikely to succeed on the merits.

Finally, as to the fourth factor, there is evidence supporting the trial court's determination that the public interest, i.e., the public as a whole, will not be disserved by the grant of the interlocutory injunction. See *Unified Govt. of Athens-Clarke County v. Stiles Apartments, Inc.*, 290 Ga. 740, 742 (723 SE2d 681) (2012).

The City asserts the trial court erred in granting injunctive relief because Article IX, Section II, Paragraph III (b) (2) of the Georgia Constitution prohibits a municipality from providing water and sewer services "outside its own boundaries." This assertion falls flat when we continue reading the final words of the subsection: "except by contract with the county or municipality affected." The water and sewer services contract between the City and County renders this constitutional provision inapposite.

Lastly, the City posits that the trial court erred in granting interlocutory injunctive relief because equity should not interfere in the management decisions of a municipality in the absence of bad faith, illegality, fraud or a clear abuse of discretion. See OCGA § 36-30-2; *Kirkland v. Johnson*, 209 Ga. 824 (76 SE2d 396) (1953); *South Ga. Power Co. v. Baumann*, 169 Ga. 649, 653 (151 SE 513) (1929). We cannot accept this position. The trial court could find that the abrupt termination of public water and sewer services simply due to the de-annexation of the County's territory is an arbitrary act and a clear abuse of discretion.

2. Contrary to the City's contention, the County and intervenors have standing to seek injunctive relief in this case. See *Cherokee County v. City of Holly Springs*, 284 Ga. 298, 299-300 (667 SE2d 78) (2008) (county has standing to contest actions of city which impact county's revenues); *Schanck v. Town of Hephzibah*, 236 Ga. 530, 533

(224 SE2d 354) (1976) (owners of properties located both within and without a city's limits are entitled to an injunction against the suspension of services without justification).

3. The City asserts the trial court should have dismissed the County's amended counterclaim for injunctive relief because it was an after acquired counterclaim filed without permission of the court. See OCGA § 9-11-13 (e); *Jenkins v. Martin*, 142 Ga. App. 573 (236 SE2d 542) (1977). Similarly, the City asserts the trial court allowed Kelly Thrift and Coastal Forklift to intervene without giving the City an opportunity to be heard. See generally *Gregory v. Tench*, 138 Ga. App. 219, 221 (225 SE2d 753) (1976) (motion to intervene cannot be granted ex parte). However, following a hearing at which the plaintiff was permitted to raise and argue these issues, the trial court determined that both the counterclaim and intervention could proceed. It follows that these assertions are without merit. See *Lentz v. State Personnel Board*, 146 Ga. App. 366, 367 (247 SE2d 145) (1978) ("procedural defects prior to a fair hearing may be cured by [a] subsequent hearing").

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 7, 2016.

*Richard E. Currie*, for appellant.
*Willis H. Blacknall III; Elliott, Blackburn & Gooding, Walter G. Elliott, William G. Elliott; Bryant H. Bower, Jr.*, for appellees.