301 Ga. 472
FINAL COPY

S17A0327. GREEN BULL GEORGIA PARTNERS, LLC et al. v.
REGISTER et al.

BLACKWELL, Justice.

Lowell and Janice Register are shareholders of Register Communications, Inc., and when Green Bull Georgia Partners, LLC threatened to foreclose on property that had been pledged to secure the debts of Register Communications, the Registers sued Green Bull. In connection with their lawsuit, the Registers sought an interlocutory injunction to prohibit any foreclosure pending final judgment. At first, the trial court provisionally granted some injunctive relief, but after further consideration, it concluded that an injunction pending final judgment was not warranted, and it set aside the injunction that it previously had entered. The Registers appealed from the order setting aside the interlocutory injunction, and they asked the trial court for an injunction at least to prohibit any foreclosure pending the resolution of their appeal. The trial court granted an

injunction pending appeal, and in this case, Green Bull appeals from the entry of that injunction.[1] We affirm.[2]

A trial court has authority to restore or grant an injunction pending the resolution of an appeal from an order setting aside or denying an injunction pending final judgment:

> When an appeal is taken from an interlocutory or final judgment granting, dissolving, or denying an injunction, the court in its discretion may suspend, modify, restore, or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party.

OCGA § 9-11-62 (c). Although the appellate courts also have the authority to grant a stay or injunction pending appeal, an application for such relief ordinarily ought to be directed in the first instance to the trial court. See Citizens to Save Paulding County v. City of Atlanta, 236 Ga. 125, 125 (223 SE2d 101)

---

[1] See OCGA § 5-6-34 (a) (4). Because the notice of appeal was filed before January 1, 2017, this Court has appellate jurisdiction in this equity case. We note, however, that the Court of Appeals has appellate jurisdiction in most equity cases in which the notice of appeal was filed on or after January 1, 2017. See OCGA § 15-3-3.1 (a) (2). See also Moreno v. Smith, 299 Ga. 443, 444, n. 4 (788 SE2d 349) (2016).

[2] The Registers appeal from the order setting aside the interlocutory injunction pending final judgment in Case No. S17A0324. Today, we have separately resolved that appeal (as well as cross-appeals filed by Green Bull and its counsel in Case Nos. S17X0325 and S17X0326), affirming without opinion pursuant to Supreme Court Rule 59.

(1976). When a court considers an application for a stay or injunction pending appeal, it must weigh all of the pertinent equities, including the likelihood that the appellant will prevail on the merits of his appeal, the extent to which the applicant will suffer irreparable harm in the absence of a stay or injunction, the extent to which a stay or injunction would harm the other parties with an interest in the proceedings, and the public interest. See Hilton v. Braunskill, 481 U. S. 770, 776 (107 SCt 2113, 95 LE2d 724) (1987).[3] See also Wright & Miller, 11 Fed. Prac. & Proc. Civ. § 2904 (3rd ed. 2017). Although the likelihood that the appellant will prevail on appeal is, generally speaking, the most important of these considerations, the applicant need not always show that he more likely than not will prevail on appeal. See Garcia-Mir v. Meese, 781 F2d 1450, 1453 (II) (A) (11th Cir. 1986). If the other equities weigh strongly in favor of a stay

---

[3] OCGA § 9-11-62 (c) is modeled after Federal Rule of Civil Procedure 62 (c). When our Civil Practice Act was adopted in 1966, Rule 62 (c) included a provision identical to the language now set forth in OCGA § 9-11-62 (c). Since then, Rule 62 (c) has undergone minor revisions, and it now provides in pertinent part:

> While an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights. . . .

Accordingly, we look to the decisions of the federal courts construing and applying Rule 62 (c) as an aid to our understanding of OCGA § 9-11-62 (c). See Mason v. Home Depot USA, Inc., 283 Ga. 271, 276-277 (3) (658 SE2d 603) (2008).

or injunction pending appeal, that the appellant presents a "substantial case on the merits [of his appeal]" may be enough. <u>Ruiz v. Estelle</u>, 650 F2d 555, 565 (II) (5th Cir. 1981).

The standard for a stay or injunction pending the resolution of an appeal bears a striking resemblance, of course, to the familiar standard for an injunction pending a final judgment in the original proceedings. See <u>City of Waycross v. Pierce County Bd. of Commrs.</u>, 300 Ga. 109, 111 (1) (793 SE2d 389) (2016) (discussing standard for interlocutory injunctions).[4] In the light of this

---

[4] As we explained in <u>City of Waycross</u>, when a trial court considers an application for an interlocutory injunction pending a final judgment, the court should look to these four factors:

> [Whether] (1) there is a substantial threat that the moving party will suffer irreparable injury if the injunction is not granted; (2) the threatened injury to the moving party outweighs the threatened harm that the injunction may do to the party being enjoined; (3) there is a substantial likelihood that the moving party will prevail on the merits of her claims at trial; and (4) granting the interlocutory injunction will not disserve the public interest.

300 Ga. at 111 (1) (citation omitted). Although all the parties to this case acknowledge this standard for interlocutory injunctions, the Registers rely as well on a line of cases in which this Court has said simply that the main purpose of an interlocutory injunction is to preserve the status quo, without reference to the four factors identified in <u>City of Waycross</u>. See, e.g., <u>Bailey v. Buck</u>, 266 Ga. 405, 405-406 (1) (467 SE2d 554) (1996); <u>Smith v. Mid-State Nurses, Inc.</u>, 261 Ga. 208, 209 (403 SE2d 789) (1991); <u>West v. Koufman</u>, 259 Ga. 505, 505 (384 SE2d 664) (1989); <u>Dept. of Transp. v. City of Atlanta</u>, 259 Ga. 305, 306 (1) (380 SE2d 265) (1989); <u>Benton v. Patel</u>, 257 Ga. 669, 672 (1) (362 SE2d 217) (1987); <u>MARTA v. Wallace</u>, 243 Ga. 491, 494 (3) (254 SE2d 822) (1979). Just as we said in those cases, the purpose of an interlocutory injunction generally is to maintain the status quo. But that general

4

resemblance, Green Bull contends, among other things, that the trial court in this case could not reasonably have concluded that the balance of the equities supports an injunction against foreclosure pending appeal when it had, only days earlier, concluded that the equities did not support an injunction against foreclosure pending final judgment in the trial court. Although the standards for a stay or injunction pending appeal and an interlocutory injunction pending final judgment are similar, there are important differences in application, which may, in some cases, lead to different outcomes. For one thing, the likelihood that a party will prevail at trial on the merits of the claims presented in the lawsuit is not inevitably the same as the likelihood that the same party will prevail on the merits of an appeal, which may present different or narrower issues. The assessment of irreparable harm may differ under the two standards, inasmuch as an application for a stay or injunction pending appeal may present an additional sort of irreparable harm — the prospect of the appeal becoming moot

statement of purpose does not tell us whether the status quo *ought to be* maintained in any particular case, and to answer that question, one must look to the standard set forth in City of Waycross. That interlocutory injunctions are available in proper cases to maintain the status quo does not mean that the status quo must be maintained in every case.

and the right of appellate review being lost as a result[5] — that is not at issue when the proceedings are confined to the trial court. As to the harm that injunctive relief may do to others, an injunction pending appeal will, in most cases, expose the appellee and other interested parties to such harm for a shorter time than an injunction pending final resolution of all of the proceedings in the trial court. These are just a few of the ways in which the similar standards may point to different outcomes. And indeed, OCGA § 9-11-62 (c) itself explicitly contemplates that an injunction pending appeal may be warranted when an injunction pending final judgment is not, vesting the trial court with discretion to "restore[ ] or grant an injunction" pending an appeal from an order that "dissolv[es] or den[ies] an injunction."

Here, we see no abuse of discretion in the grant of an injunction pending appeal under OCGA § 9-11-62 (c). Especially in light of its initial and provisional determination that an interlocutory injunction pending final judgment might be appropriate, that the trial court found the case close enough to warrant an injunction pending appeal — notwithstanding its determination

---

[5] See Jackson v. Bibb County School Dist., 271 Ga. 18, 19 (515 SE2d 151) (1999) (noting that, "if the thing sought to be enjoined in fact takes place, the grant or denial of the injunction becomes moot").

that an interlocutory injunction pending final judgment was not appropriate —

is unremarkable. We affirm the judgment below.[6]

Judgment affirmed. All the Justices concur, except Peterson, J., not

participating.

Decided June 19, 2017.

Equity. Bibb Superior Court. Before Judge Ennis.

Martin Snow, John T. McGoldrick, Jr., Stuart E. Walker, for appellants.

James, Bates, Brannan, Groover, Thomas C. James III, William P. Horkan, for Lowell and

Janice Register.

Hall, Bloch, Garland, Meyer, John E. Hall IV, Amanda R. Smith, for John W. Mills III.

Baker, Donelson, Bearman, Caldwell & Berkowitz, Ivy N. Cadle, for Register

Communications.

---

[6] The other arguments advanced by Green Bull in this case are without merit and do not warrant discussion. Because we separately have affirmed the denial of interlocutory injunctive relief in the Registers' appeal, see note 2 supra, the injunction pending appeal at issue in this case will dissolve when our remittitur in the Registers' case is received by and filed in the trial court.