# Court of Appeals
# of the State of Georgia

ATLANTA,  March 03, 2022

*The Court of Appeals hereby passes the following order:*

## A22E0031.  FREDDIE J. WAKEFIELD, JR., DMD, et al. v. TIMOTHY A. KISER.

In the underlying suit, Timothy A. Kiser ("Plaintiff") seeks rescission of an operating agreement into which he entered with Freddie J. Wakefield, Jr., DMD and Daryl S. Wakefield, as well as the return of over $600,000 he invested in DentCorp Management, LLC (collectively, the "Defendants"). Plaintiff filed a motion seeking the appointment of a receiver for DentCorp, which the trial court granted in an order dated January 25, 2022.

On February 10, 2022, the trial court held a hearing to determine whether the Defendants should be held in contempt for failing to comply with the court's receivership order. In an order dated February 14, 2022, the trial court declined to hold the Defendants in contempt, but issued further clarifying directions requiring the Defendants to provide the receiver with access to requested information by a set deadline. The court further denied the Defendants' motions to compel arbitration and to reconsider the January 25 order establishing the receivership.

The Defendants filed a notice of appeal from the trial court's February 14, 2022 order. The appeal has not yet been docketed in this Court. The Defendants also filed the instant emergency motion for supersedeas "to stay all further proceedings" in the trial court pending their appeal from the appointment of the receiver. See OCGA § 9-11-62 (a) ("Unless otherwise ordered by the court, an interlocutory or final judgment in an action for an injunction or in a receivership action shall not be stayed

during the period after its entry and until an appeal is taken or during the pendency of an appeal."). The Defendants further represent that the trial court entered an order on February 28, 2022, ruling that "by the close of business (5:00 pm) March 3, 2022, [Defendants] will have to give over all requested sensitive and confidential information to the receiver or risk being held in contempt[.]" As a result, the Defendants contend that we should grant their requested relief because "[o]nce all the requested information is given to the receiver, there is no going back. The underlying appeal will be moot and preserving the jurisdiction of this Court will be obsolete. The receivership will be catastrophic to the livelihood and business operations of the [Defendants]."

In the first instance, the Defendants have failed to present any evidence to this Court that they moved for supersedeas in the trial court. See *Green Bull Ga. Partners, LLC v. Register*, 301 Ga. 472, 473 (801 SE2d 843) (2017) ("Although the appellate courts also have the authority to grant a stay or injunction pending appeal, an application for such relief ordinarily ought to be directed in the first instance to the trial court."). The Defendants assert that they filed an "Emergency Motion to Stay Receivership" in the trial court on February 3, 2022. However, the Defendants did not include this filing with their emergency motion, and the trial court's February 14, 2022 order does not contain a ruling on the Defendants' motion to stay. The Defendants also failed to include a copy of the trial court's February 28, 2022 order with their emergency motion.

This Court's Rule 40 (b) emergency powers are limited and intended to be used sparingly. Rule 40 (b) provides, in relevant part, that we may only "issue such orders or give direction to the trial court as may be necessary to preserve jurisdiction of an appeal or to prevent the contested issue from becoming moot." Based upon a review of the submitted material, we find that an emergency order of supersedeas is not warranted here. Accordingly, the Defendants' emergency motion is hereby DENIED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* __03/03/2022__

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ , *Clerk.*