# Court of Appeals
# of the State of Georgia

ATLANTA, March 25, 2022

*The Court of Appeals hereby passes the following order:*

**A22E0040. GREGORY B. EVANS et al. v. GSB CREDIT SOLUTIONS, LLC.**

The plaintiff in the underlying suit, GSB Credit Solutions, LLC, filed a motion seeking the appointment of a receiver for the sale of certain real property located at 94 Howell Street Northeast in Atlanta, Fulton County. In an order dated March 18, 2022, the trial court granted the motion, appointing a receiver to "manage, market and sell the Property."

Gregory B. Evans, Dedra J. Evans, and M & T Bank Corporation (collectively the "Defendants") have filed an appeal of the trial court's order establishing the receivership, but the appeal has not yet been docketed in this Court. The Defendants also filed the instant emergency motion seeking a writ of supersedeas. See OCGA § 9-11-62 (a) ("Unless otherwise ordered by the court, an interlocutory or final judgment in an action for an injunction or in a receivership action shall not be stayed during the period after its entry and until an appeal is taken or during the pendency of an appeal."). According to the Defendants, "[i]f the writ of supersedeas is not granted the appeal will become moot as the [Defendants'] real property will be sold by the receiver and their possession extinguished by the order appointing a receiver."

As an initial matter, it does not appear that the Defendants moved for supersedeas in the trial court. See *Green Bull Ga. Partners, LLC v. Register*, 301 Ga. 472, 473 (801 SE2d 843) (2017) ("Although the appellate courts also have the authority to grant a stay or injunction pending appeal, an application for such relief ordinarily ought to be directed in the first instance to the trial court."). Moreover, this Court's Rule 40 (b) emergency powers are limited and intended to be used sparingly. Rule 40 (b) provides in pertinent part that we may only "issue such orders or give

direction to the trial court as may be necessary to preserve jurisdiction of an appeal or to prevent the contested issue from becoming moot." We have reviewed the limited material submitted in connection with this motion, and find the defendants have failed to establish that the exercise of our emergency powers is merited. Accordingly, the Defendants' emergency motion is hereby DENIED.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,  03/25/2022*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

*Stephen E. Castlen*                    *, Clerk.*